Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Philip H. Schwarz, Asst. Public Defender, Kansas City, Thomas R. Bellmann, Certified Law Intern, for appellant.

John C. Danforth, Atty. Gen., Scott A. Raisher, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

On January 19, 1970, the appellant, Edward L. Clemmons, having been charged with robbery first degree, entered a plea of guilty to the charge and was sentenced to five years in the Missouri Department of Corrections.

The sentence was made to run concurrently with a prior sentence, imposed by a jury after trial, of twenty years for another armed robbery. That prior sentence had been appealed and affirmed. State v.

**Edward L. CLEMMONS, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. KCD 27154.**

Missouri Court of Appeals,
Kansas City District.

March 3, 1975.

Clemmons, 460 S.W.2d 541 (Mo.1970); and, in a subsequent motion under Rule 27.26, V.A.M.R., the defendant was denied any relief. Clemmons v. State, 499 S.W.2d 463 (Mo.1973). The proceedings in the instant motion were stayed by the trial court pending the determination of the appeal and subsequent motion addressed to the prior conviction.

On November 23, 1971, he filed a motion pursuant to Rule 27.26, seeking to vacate this second and concurrent sentence.

As grounds for the motion, he alleged: (1) he was legally incapable of having committed the offense, because at the time of the offense he was still subject to a prior adjudication of mental illness excusing criminal responsibility; (2) ineffective assistance of counsel; (3) interrogation in violation of the principles enunciated in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and (4) deprivation of his rights guaranteed under the sixth amendment to the United States Constitution and Article I, Sections 10 and 18(a), V.A.M.S., of the Constitution of the State of Missouri.

The trial court, without holding an evidentiary hearing, denied relief, finding that the motion presented no factual or legal questions not already resolved and that the motion, files and records conclusively showed that movant was entitled to no relief.

On this appeal, the single point relied on is that the trial court erred in not holding an evidentiary hearing because the motion raised substantial fact issues condemning the claimed interrogation in violation of the *Miranda* principles.

■ Most recently, the Missouri Supreme Court has stated, "A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts,* not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing." Smith v. State, 513 S.W.2d 407, 411 (Mo. banc 1974); Hogshooter v. State, 514 S.W.2d 109 (Mo. App.1974). Appellant's 27.26 motion, insofar as it addressed the interrogation question, stated:

> Movant was interogated in violation of his rights against self-incrimination as set forth in principles of the Supreme Court, in Miranda vs. Arizona, 384 U.S. 436, 86 S.Ct. 1602 [16 L.Ed.2d 694] (1966).

This statement pleads no evidentiary facts. It is a mere conclusionary statement and, under the holding of the *Smith* case, does not warrant an evidentiary hearing.

■ Furthermore, assuming arguendo the truth of appellant's conclusionary statement—that he was, in fact, interrogated in violation of the *Miranda* principles—appellant still is not entitled to an evidentiary hearing. This for the reason that a deprivation of constitutional rights which antedates a plea of guilty, voluntarily and understandably made, cannot be made the basis for a collateral attack. State v. Brown, 449 S.W.2d 664 (Mo.1970); Turley v. State, 439 S.W.2d 521 (Mo.1969).

The plea proceedings are before this court, and the full transcript demonstrates that the trial court scrupulously determined the voluntariness of the plea before its acceptance. The trial court's denial of an evidentiary hearing was correct and proper, and it is affirmed.

All concur.