Jerome CHAPMAN a/k/a Dewey Sharp, Appellant,

v.

STATE of Missouri, Respondent.

No. 44060.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 23, 1982.

Stephen C. Banton, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant appeals from the denial, without an evidentiary hearing, his Rule 27.26 motion. Movant pleaded guilty to burglary second degree, a violation of § 569.170 RSMo. 1978 and was sentenced to three years with the Department of Corrections to be served consecutive to a sentence received in St. Louis County. We affirm.

In his Rule 27.26 motion, movant contends he was denied effective assistance of counsel because his attorney led him to believe his sentence would run concurrent to the sentence received in St. Louis County "despite what the judge [might] say" during sentencing. His plea was therefore not made intelligently since his attorney misled him "as to what was taking place." The court filed findings of fact and conclusions of law and found movant's claim refuted by the record and held he was not entitled to an evidentiary hearing pursuant to Rule 27.26(e).

Movant must establish on appeal, that the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). In order to be entitled to an evidentiary hearing, movant must plead facts which, if true, would entitle him to relief and must show that those factual allegations are not refuted by the facts elicited at the guilty plea hearing. *Smith v. State,* 513 S.W.2d 407, 411 (Mo.banc 1974).

After a plea of guilty has been entered, the determination of the adequacy of counsel is immaterial, except to the extent it affects the voluntariness of the plea. *Wells v. State,* 621 S.W.2d 553, 554 (Mo. App.1981). When the involuntariness of movant's plea is based on being misled by counsel, the test is whether movant's belief by which he claims to have been misled, was reasonable. *Bierey v. State,* 586 S.W.2d 450, 452 (Mo.App.1979). A court may properly examine the record of the guilty plea proceedings to determine whether it refutes his contention. 586 S.W.2d at 452.

Here, the record[1] clearly refutes any notion that movant could reasonably

---

1. THE COURT: Mr. Jackson, on behalf of the State, has there been any plea bargaining in this case?
    MR. JACKSON: Yes, Your Honor.
    THE COURT: What is it?
    MR. JACKSON: The State's recommendation will be three years in the Missouri Department of Corrections to be served consecutively to the sentence received in the county.
    . . . .
    THE COURT: Is that the way you understand it, Mr. Zotos?
    MR. ZOTOS: Yes, Your Honor.
    . . . .
    THE COURT: Okay. Are you expecting me to sentence you, if I take your plea of guilty and accept it, are you expecting me to sentence you to three years in the Missouri Department of Corrections without probation, said three year sentence to run consecutively to any sentence imposed in Cause No. 398217 of St. Louis County, Missouri?
    A. Yes, sir.
    MR. ZOTOS: Your Honor, if I may ask, I am requesting before any sentencing that the Court consider this sentence to be concurrent with that county sentence. I'm going to ask the Court to consider that.
    THE COURT: Well, I didn't think that was part of the plea bargaining process.
    MR. ZOTOS: It was not to be the State's recommendation. It was my request from the State. However, we are requesting that of the

believe that he was to receive a concurrent sentence, statements of the judge notwithstanding. The lengthy in-court exchange between the judge, the assistant prosecuting attorney, defense counsel and the defendant completely disproves movant's allegation that he could have been laboring under a misapprehension that the sentences would run concurrently. He was offered two opportunities by the trial court to withdraw his guilty plea after it was apparent the sentences would run consecutively.

The trial court's finding that movant's factual allegations were refuted by the guilty plea record is not clearly erroneous, and there was no need for an evidentiary hearing. *Bierey v. State,* 586 S.W.2d 450 (Mo.App.1979).

Affirmed.

SNYDER and CRIST, JJ., concur.

Court, which has that option and has the authority to do that.

MR. JACKSON: The State would be strongly opposed to that.

THE COURT: Well, it depends really at this point I guess, whether we have a plea bargain or whether we don't.

MR. ZOTOS: We have a bargain, Your Honor. I'm simply asking the Court to consider, just as the Court always has the option or authority to lower that sentence.

THE COURT: All right. What do you understand the bargain to be, Mr. Zotos?

MR. ZOTOS: The State's recommendation is three years consecutive with the county charge.

THE COURT: All right. And that's what Mr. Sharpe, also known as Mr. Chapman, would be sentenced to, unless I decide to cut it, is that right?

MR. ZOTOS: Yes, Your Honor, it is.

Q. (By the court) All right. I'm going to put on the record right now that I'm not going to cut it. In other words, if I take your plea of guilty, Mr. Sharpe, and accept it, I'm going to sentence you to three years confinement in the Missouri Department of Corrections without probation, said three year sentence to run con-

secutively to any sentences imposed in Cause No. 398217 of St. Louis County.

Do you understand that?

A. Yes, sir.

Q. I'm not going to have the three years run at the same time that the county sentence runs. Now, knowing all that, do you want to still plead guilty to the charge in this case of burglary second degree?

A. Yes, sir.

. . . .

THE COURT: The reason I'm not going to— One of the reasons I'm not going to make your sentence concurrent, your three year sentence here, is I don't know enough about the county charges for one thing. And as I understand it, the deal was that you were going to get three years consecutive and I'm going along with the deal. If I were to consider three years concurrent, it would only have to be upon the State's recommendation and agreement by the State as far as I'm concerned.

. . . .

Q. All right. Then Dewey Sharp, also known in this file as Jerome Chapman, I ask you for the record, how do you plead to the charge of burglary second degree?

A. Guilty.