**12**

**William HARBOUR, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 46245.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 31, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 15, 1983.

Application to Transfer Denied
Nov. 22, 1983.

Henry W. Cummings, St. Charles, for appellant.

Bob Edwards, Troy, John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

William Harbour (movant) appeals from a circuit court order denying, without an evidentiary hearing, his Rule 27.26 motion to set aside his conviction and sentence entered on his plea of guilty to the Class B felony of rape, § 566.030.–1.(2), RSMo.1978.

■ Three of movant's five points on appeal assert as the basis for relief his inhumane (or at least stonyhearted) treatment at the Lincoln County Jail during the two months he was confined there before he entered his guilty plea—two meals a day (no lunch), and placement for some unspecified period of time in that portion of the jail reserved for women and juveniles, which movant characterizes as "solitary confinement." We answered those three points in *Woods v. State,* 564 S.W.2d 333, 334 (Mo.App.1978), when we held that postplea assertions of bad jail conditions supply no grounds for relief in Rule 27.26 proceedings.

■ Movant's fourth point assigns error to the motion court's overruling movant's motion for reconsideration based on newly-discovered evidence. There was no error. Newly-discovered evidence is not grounds for relief in a Rule 27.26 proceeding. *Wallace v. State,* 589 S.W.2d 311, 312 (Mo.App. 1979). Besides, the newly-discovered evidence offered here pertains to the jail conditions we described earlier, which would not justify relief in any event.

■ We need not pursue movant's fifth point past noting it proceeds on the hypothesis he was not placed in his "solitary confinement" until *after* he pled guilty. We fail to see what bearing that could have on either his conviction or sentence.

Affirmed.

CRANDALL, P.J., and REINHARD, J., concur.