Roy WELCH, Appellant,

v.

STATE of Missouri, Respondent.

No. 51576.

Missouri Court of Appeals,
Eastern District,
Division Seven.

March 31, 1987.

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Special Commissioner.

After an evidentiary hearing movant, formerly defendant, 19–year-old Roy Welch has now appealed the denial of his Rule 27.26 motion. He challenges his former plea of guilty to second degree murder. On this he was sentenced to thirty years in prison.

The motion court first heard defendant's testimony. After that on behalf of the State the testimony of several lawyers and law officers.

We first summarize defendant's Rule 27.-26 hearing testimony: While awaiting trial defendant had been granted leave for a mental examination; it was utterly negative. He originally had given a tape-recorded confession but did so only because Sheriff Mason had then threatened him with a pistol. A Miranda warning was given only after his statement. Jail conditions were unwholesome, without adequate food and clothing. Defendant also testified his lawyer did not interview four suggested witnesses about the adverse effect of defendant's former drug use. Defendant had first declared, and later had denied, he had killed the victim at his mother's request. Counsel finally told defendant he had no valid defense and should plead guilty; also that counsel had told him he would likely get a parole in five years.

We summarize the State's Rule 27.26 hearing testimony: First, defendant's second court-appointed trial counsel denied the substance of defendant's above statements. Specifically, counsel testified: After first talking with defendant he investigated the crime scene, interviewed State witnesses and attended the preliminary hearing; he told defendant the State had found defendant's weapons and that defendant's girl friend implicated him in the killing; he denied having told defendant his written confession could not be used against him, denied having told defendant he could be paroled in five years. Last he told defendant mental illness, if shown, was probably the best defense. When that was disproved by a psychiatrist, counsel recommended defendant plead guilty to a reduced, negotiated charge of second degree murder.

Sheriff Dean Mason, a seasoned officer, testified for the State, in substance: Before the preliminary hearing he had recovered defendant's shotgun and butcher knife, and without being threatened defendant after being given a Miranda warning orally and in writing admitted he twice fatally shot the victim, that while awaiting trial defendant was kept in jail and the facilities there were wholesome. The sheriff's above testimony was confirmed by a sergeant of the State Highway Patrol who was present at the initial interrogation of defendant.

We now note the defendant's pertinent statements to the trial court when he pled guilty. There, in the presence of his appointed counsel, defendant testified under oath that after a full explanation of his rights defendant declared he had intentionally and unlawfully killed the victim with malice aforethought; that he had not been threatened by anyone, that he knew of the guilty-plea negotiations, that knowing all of that he still wished to plead guilty.

Thereupon the motion court declared its belief in the State's testimony and its disbelief of defendant's motion hearing statements. And: "Other than defendant's own statements, there is no evidence of the coercion claimed."

In support of its ruling the motion court, Judge Ronald R. McKenzie, and former trial judge, diligently researched the law on each point defendant raised. In

summary, we follow that research, particularly that the motion court was at liberty to disbelieve defendant's testimony (*Johnson v. State*, 479 S.W.2d 416 [2, 3] (Mo.1972)); that defendant's post-plea assertions of bad food and jail conditions have no bearing on Rule 27.26 cases (*Harbour v. State*, 660 S.W.2d 12 [1] (Mo.App.1983)); that on a plea of guilty inadequate counsel may be shown to be so only by a preponderance of evidence, which this defendant did not do (*Whited v. State*, 674 S.W.2d 693 [1, 2] (Mo.App.1984)).

Defendant has utterly failed to sustain his burden of showing grounds for relief by a preponderance of evidence as required by V.A.M. Rule 27.26(f).

Affirmed.

GARY M. GAERTNER, P.J., and KAROHL, J., concur.