**Robert William LOHMAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 52827.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 6, 1987.

Lindell P. Dunivan, Farmington, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant Robert Lohman appeals denial of Rule 27.26 post-conviction relief. Movant sought relief from a life imprisonment sentence imposed following a plea of guilty for second degree murder, Section 565.004 RSMo 1978 (repealed 7–1–84). The motion court granted the state's motion for summary judgment and denied relief without an evidentiary hearing. The only claim of error is that an evidentiary hearing was

required because appellant's motion raised substantial issues regarding whether movant's plea was made voluntarily and intelligently. We affirm.

Our review of this post-conviction motion is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.-26(j). Such a determination will be made only if "the appellate court is left with a definite and firm impression that a mistake has been made." *Abrams v. State,* 698 S.W.2d 15, 17 (Mo.App.1985). Movant bears the burden of showing that the denial of his Rule 27.26 motion was clearly erroneous. *Bailey v. State,* 738 S.W.2d 577 (Mo.App.1987).

In the present case, movant claimed his guilty plea was not voluntary or was not made intelligently, for two reasons: (1) movant did not understand the charge to which he was pleading guilty; and (2) movant did not admit to the killing which followed a kidnapping by defendant and his brother.

■ An evidentiary hearing is required only if movant meets each of the following qualifications: (1) The motion must allege facts, not conclusions, warranting relief; (2) Those facts must raise matters not refuted by the files and records in the case; (3) The matters complained of must have resulted in prejudice to the defendant. *Smith v. State,* 652 S.W.2d 134 (Mo.App. 1983).

■ Movant asserts that he did not understand that he was in fact pleading guilty to a charge of second degree murder. Movant offers as support his plea proceeding statement, "your honor, I plead guilty to the fact I was aware of the kidnapping. There was a kidnapping involved."

Movant argues that this refutes any inference of his understanding that he was charged with second degree murder because it indicates guilt only as to the kidnapping. We are not persuaded. Review of the entire record clearly indicates that movant realized the impact of his participation in the kidnapping and the murder which followed. The record contains the following:

TRIAL COURT: Are you pleading guilty because you are, in fact, guilty and admit that you committed *the offense charged of murder in the second degree?*

DEFENDANT: *Yes, sir.*

TRIAL COURT: Mr. Lohman, in your own words I would like you to start from the beginning and tell me what you did on August 27th to become guilty of this offense.

DEFENDANT: Your honor, I plead guilty to the fact I was aware of the kidnapping. There was a kidnapping involved.

TRIAL COURT: All right. Why don't you just start at the beginning and tell me about it? [our emphasis]

In recounting the events surrounding the crime, movant admitted his involvement in both kidnapping and murder. When referring to the victim's death, movant stated: "Within thirty seconds [my brother] had struck and killed Donna Roberts, which, *therefore, made me part of the murder."* (Emphasis ours). Movant then described the manner in which he and his brother disposed of the victim's body, and concluded "and from there I was guilty of the fact of second degree murder." The transcript and record clearly refutes movant's claim and supports the motion court's finding that, as a matter of law, movant was not entitled to an evidentiary hearing on the basis of his allegation that he did not understand.

■ Movant further argues for the evidentiary hearing because he did not admit to the killing in the manner the amended information charged. The amended information stated that defendant "intentionally, premeditatedly, with malice aforethought and unlawfully killed Donna A. Roberts by striking her with a blunt instrument on or about August 27, 1982 ... thereby causing her to die." Movant

states that since he expressly told the judge he did not strike the victim he could not have been pleading guilty to the murder as charged in the information.

We first note that movant's collateral attack on the judgment and sentence made by reason of any defect in the information cannot succeed unless the information is so obviously defective that by no reasonable construction can it be said to charge the offense of which defendant was convicted. *Hulstine v. State,* 702 S.W.2d 120, 122.

It is clear from the record of the plea hearing that movant was charged with murder in the second degree and pleaded guilty to that crime. It is equally clear that he pleaded guilty to being an "aider" in the murder. An "aider" can be charged as a principal. *State v. Poor,* 533 S.W.2d 245, 251 (Mo.App.1976). Moreover, "[a]iders who act with common purpose with active participants or who, before or during the commission of a crime, intentionally and knowingly aid or encourage the commission of an offense, are guilty of the offense." *State v. Coleman,* 660 S.W.2d 201, 218 (Mo.App.1983). Because of the plea it makes no substantive difference that an amended information may have been required before a trial. Likewise, in the context of this review, the information makes no difference on the nature of the plea as being made intelligently and voluntarily.

The prosecutor at the plea hearing stated that the state's theory at trial would have been that defendant did not actually strike and kill the victim, but that he was a part of the proceedings surrounding her death. The prosecutor added: "The aiding and abetting theory is not placed in the charge, but that movant clearly indicated his understanding that he was pleading guilty to the second degree murder based not upon his striking and killing of the victim, but on his involvement in the victim's death."

Accordingly, we find that the record amply supports the motion court's determination that there were "no issues of fact raised in movant's motion which directly contradict[ed] the verity of the records of the court." Point denied.

Judgment affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.