**Timothy SINN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 53015.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 27, 1987.

Motion for Rehearing and/or Transfer Denied Nov. 24, 1987.

Application to Transfer Denied Jan. 20, 1988.

**750**

Beverly A. Beimdiek, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant Timothy Sinn appeals from judgment of the Circuit Court of the City of St. Louis denying his Rule 27.26 motion without an evidentiary hearing. Movant sought relief from a four (4) year sentence imposed following a plea of guilty to second degree burglary. Section 569.170 RSMo 1986. Movant bases his claim for relief under Rule 27.26 on the contention that his plea was not voluntarily and intelligently made because he did not understand the meaning of the term "consecutive" and actually entered his guilty plea thinking his term would run concurrently to the sentence imposed or to be imposed as a result of a pending parole revocation.

■ In reviewing the motion court's disposition of a Rule 27.26 motion, we are limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.-26(j). In order to be entitled to an evidentiary hearing the motion must allege facts which, if true, would entitle the movant to relief and which are not refuted by the facts elicited at the guilty plea hearing. *Chapman v. State*, 641 S.W.2d 428, 429 (Mo.App.1982). When an accused pleads guilty to an offense, any later challenge to the validity of the plea focuses only on whether the guilty plea was knowingly and voluntarily made. *See, Reeder v. State*, 712 S.W.2d 431, 433 (Mo.App.1986). Such matters complained of also must have resulted in prejudice to the defendant. *Lohman v. State*, 737 S.W.2d 524 (Mo.App. 1987).

Movant contends his guilty plea was neither voluntarily nor intelligently made because he did not understand the meaning of the term "consecutive." In support of his claim movant asserts that at no time during the proceedings did the court or counsel define what "consecutive" meant. He also proposes that it exceeds all reasonable expectations to assume that a layman would understand the terminology used in his presence.

The record refutes this claim. When movant testified at his guilty plea hearing he was thirty-three years old and had a twelfth-grade education. He did not suffer from mental defect or disease and was not under the influence of alcohol or drugs during his guilty plea proceeding or at any time when he discussed the case with his attorney. The record clearly indicated that before accepting the guilty plea, the trial court questioned movant extensively to ensure the voluntariness of his plea. Moreover, *movant's* counsel informed the court of an agreement for consecutive sentences. Thereafter movant was specifically questioned about the consecutive sentencing:

Q. [By the Court] Is part of the reason you're pleading guilty here today because your lawyer has reached an agreement on your behalf with the Assistant Circuit Attorney? Is that right?

A. [By Defendant] Yes, your Honor.

THE COURT: What is that agreement, Ms. Marxkors?

MS. MARXKORS [DEFENSE COUNSEL]: Your Honor, the State is recommending a sentence of four years on this case to run consecutively to the sentence that Mr. Sinn is on parole for should his probation be revoked.

\* \* \* \* \* \*

Q. (By the Court) Mr. Sinn, is that your understanding of the plea agreement?

A. Yes.

\* \* \* \* \* \*

Q. Do you understand that the four years is to run consecutive to whatever happens to that probation revocation out in the County?

A. Yes, your Honor.

On the basis of the record, the motion court concluded that movant understood the plea agreement and that he understood the four year sentence would run consecutive to the sentence imposed as a result of the probation revocation. We find these conclusions to be supported by the record and are not clearly erroneous. The participation of movant's counsel in addressing the agreement together with movant's age and education are significant facts which belie movant's claim. Moreover, this court previously addressed the same issue raised here in *Chapman v. State,* 641 S.W.2d 428, 429 (Mo.App.1982). We find *Chapman* decisive on the issue on the basis of the facts disclosed by the record made at the time of the plea of guilty.

Judgment affirmed.

SMITH and KELLY, JJ., concur.