**Gary Nelson DAVIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 52999.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1988.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Presiding Judge.

After an evidentiary hearing the motion court denied movant post-conviction relief. Movant sought to vacate convictions for first-degree robbery, Section 560.135 RSMo Supp.1975 (repealed, L.1977, SB 60, Section 1) and one count of rape, Section 559.260 RSMo 1975 (repealed, L.1977, SB 60, Section 1) for which he received consecutive sentences of forty years and seventy-five years, respectively. We affirm.

On appeal, movant raises one point of error. He contends that the motion court erred in denying his 27.26 motion because his guilty plea was not knowingly, voluntarily, and intelligently made in that (1) the record reflected his guilty pleas were entered under the belief he would be committed to the Fulton State Hospital as a criminal sexual psychopath rather than to the Missouri State Penitentiary; and (2) his guilty pleas were entered in an effort to escape from inhumane county jail conditions to which he was subjected prior to his convictions.

Our review of a Rule 27.26 motion is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j); *Munoz v. State,* 743 S.W.2d 506, 507 (Mo.App.E.D., 1987). The motion court's findings and conclusions are clearly erroneous only if a review of the record leaves the court with the definite and firm impression that a mistake has been made. *Stokes v. State,* 688 S.W.2d 19, 21 (Mo.App. 1985).

Movant first contends that his guilty pleas were entered with the understanding that he would be committed to the Fulton State Hospital as a criminal sexual psychopath rather than be sent to the Missouri State Penitentiary. Before addressing this issue, however, we note that movant did not raise this point in either his initial or amended 27.26 motion. However, movant did testify at the evidentiary hearing as to this issue and the state concedes that we should consider it here. Accordingly, we find that the issue was tried by the implied consent of the parties and we thus shall treat movant's Rule 27.26 motion as amended to conform to the evidence. Rule 55.33(b); *Laws v. State,* 708 S.W.2d 182, 184 (Mo.App.1986).

When an accused pleads guilty to an offense, any later challenge to the validity of that plea will be scrutinized only to

determine whether such plea was knowingly and voluntarily made. *Sinn v. State,* 741 S.W.2d 749, 750 (Mo.App.E.D., 1987). A guilty plea is not voluntary if it is induced by fraud, mistake, misapprehension, fear, persuasion or the holding out of hopes which prove to be false or ill-founded. *Drew v. State,* 436 S.W.2d 727, 729 (Mo. 1969); *Toler v. State,* 542 S.W.2d 80, 83 (Mo.App.1976). In order to prevail on such a challenge, those matters complained of must also have resulted in prejudice to the movant-defendant. *Sinn,* 741 S.W.2d at 750.

■ The record refutes movant's claim that his plea was neither voluntarily nor intelligently made because of his alleged belief he would be committed to the Fulton State Hospital as a criminal sexual psychopath rather than the state penitentiary. The partial record of the guilty plea hearing shows the following:

Q. [By the Court to defendant] Have you had enough time to discuss with Mr. England what you all should do today?

A. Yes, we have had seven months.

Q. And in that seven months have you had professional discussions?

A. Yes.

THE COURT: Mr. England, [defense counsel] do you feel you've had enough time to discuss with Mr. Davis what should be done today?

MR. ENGLAND: Yes, Your Honor.

Q. (By the Court) Mr. Davis, neither Mr. Brown nor Mr. England have advised me of any particular plea bargain. And so in a trade for a guilty plea they are *going to recommend something* so I am totally ignorant of any plea bargaining. Are you aware of any plea bargaining?

A. *No, I'm not.*

Q. *So you're just going to take your chances with me rather than twelve citizens of this county?*

A. *Yes.*

THE COURT: Mr. Brown, what would the State recommend? What does the State recommend on a guilty plea?

MR. BROWN: The State would recommend life sentences on both charges, Your Honor, imposed and executed.

THE COURT: Mr. England, is that any surprise to you?

MR. ENGLAND: No, sir, I've been previously forewarned by the prosecutor that he was going to *request heavy sentence* in this case.

Q. (By the Court) Mr. Davis, is that any surprise to you that they recommend that?

A. No, not really. I hadn't heard anything of it previously.

Q. But it's no surprise?

A. *It's no surprise.*

THE COURT: Mr. England, you have asked me for the Court to hear some witnesses, in essence in mitigation of this. What was the military word? Extenuation, mitigation and so forth. Is that correct?

MR. ENGLAND: That is correct, Your Honor.

THE COURT: The Court finds the guilty plea to be voluntary, knowing and intelligently made, and accepts it. Upon your plea of guilty, Mr. Davis, you are found guilty of the crime of robbery. Upon your plea of guilty you are found guilty of the crime of rape. Now, prior to imposing the sentence I am certainly going to listen to the witnesses that Mr. England wants me to hear. Mr. England, you may proceed. (our emphasis)

On the basis of the record the motion court concluded that movant was aware of the presumption of innocence, the state's burden to prove his guilt beyond a reasonable doubt, his right to a jury trial, his right to cross-examine and subpoena witnesses, and the waiver effect of these rights by pleading guilty. Moreover, the motion court noted that the provisions for declaring movant to be a criminal sexual psychopath were discussed by movant and his attorney prior to trial and were raised by defense witness Dr. Bratkowski. However, the motion court concluded that movant called Dr. Bratkowski as a witness solely as an attempt to mitigate his crimes

as it related to the sentence to be imposed by the Court not to obtain a finding of a psychiatric commitment. In this respect, the guilty plea record is devoid of any reference by movant that he pled guilty with an understanding he would be sentenced as a criminal sexual psychopath to the Fulton State Hospital instead of to the state penitentiary. We find the conclusions of the motion court are supported by the record and are not clearly erroneous. Movant's claim is denied.

■ Movant further claims that his guilty plea was coerced and involuntary due to the inhumane conditions of the jails in which he was incarcerated prior to his guilty plea hearing. However, it is well-established that post-plea assertions of bad jail conditions supply no grounds for relief in Rule 27.26 proceedings. *Harbour v. State,* 660 S.W.2d 12 (Mo.App.1983); *Welch v. State,* 727 S.W.2d 208, 210 (Mo.App. 1987). Movant waived his rights to assert the alleged inhumane jail conditions by virtue of his guilty plea. *Woods v. State,* 564 S.W.2d 333, 334 (Mo.App.1978).

Judgment affirmed.

SMITH and KELLY, JJ., concur.