**Joseph Carl RENAUD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53395.**

Missouri Court of Appeals, Eastern District, Division Three.

March 8, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 15, 1988.

Application to Transfer Denied June 14, 1988.

Beverly A. Beimdiek, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Presiding Judge.

Movant, Joseph Renaud, appeals denial of his Rule 27.26 post-conviction relief without an evidentiary hearing. Movant sought relief from consecutive sentences of five years and fifteen years after a plea of guilty to charges of armed criminal action, Section 571.015 RSMo 1978, and attempted robbery, Section 564.011 RSMo 1978. The only claim of error is that movant's guilty plea was involuntary and coerced because his trial attorney failed to investigate the case and contact a witness. We affirm.

Our review of this post-conviction motion is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.-26(j). Such a determination will be made only if "the appellate court is left with a definite and firm impression that a mistake has been made." *Abrams v. State*, 698 S.W.2d 15, 17 (Mo.App.1985). Movant bears the burden of showing the denial of his Rule 27.26 motion was clearly erroneous. *Bailey v. State*, 738 S.W.2d 577 (Mo.App.1987). In order to be entitled to an evidentiary hearing the motion must allege facts which, if true, would entitle the movant to relief and which are not refuted by the facts elicited at the guilty plea hearing. *Chapman v. State*, 641 S.W.2d 428, 429 (Mo.App.1982). When an accused pleads guilty to an offense, any later challenge to the validity of the plea focuses only on whether the guilty plea was knowingly and voluntarily made. *Reeder v. State*, 712 S.W.2d 431, 433 (Mo.App.1986).

Movant asserts that his plea of guilty was coerced because his counsel refused to prepare for trial, including investigating movant's claim he was involuntarily under the influence of LSD at the time of the robbery. Movant concludes that his attorney's failure to contact a witness and prepare such defense left him no alternative but to enter a plea of guilty or to face trial with an unprepared defense.

The transcript of the plea proceedings directly refutes movant's claims. Movant told the court that he authorized his attorney to withdraw the former plea of not guilty and enter a plea of guilty. Movant acknowledged that he had been advised of his rights including the right to subpoena witnesses to testify on his behalf. The available evidence of guilt was outlined for the court and for movant. Movant acknowledged that the recitation of the facts were true and accurate. Movant admitted that he participated "in this matter to the extent he (prosecuting attorney) described." Directly on point, movant acknowledged that he was satisfied with the way his counsel had represented him in handling the matter. Prosecuting attorney recommended the sentences which the court accepted and imposed.

Movant's post-conviction relief claim is essentially a claim that he was not satisfied with the way in which his counsel represented him. This contention is refuted by the facts elicited at the plea hearing. His claim is completely refuted by the record which shows that movant pled guilty because he did the acts charged and not because his trial counsel failed to perform as required.

The finding, conclusions and judgment of the trial court are supported by the record, hence, not clearly erroneous.

Judgment affirmed.

SMITH and KELLY, JJ., concur.