William L. HAGEN, Movant–Appellant

v.

STATE of Missouri, Respondent.

No. 15848.

Missouri Court of Appeals, Southern District, Division One.

March 17, 1989.

John A. Klosterman, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

Movant William L. Hagen was charged with three counts of possession of controlled substances, Chapter 195.[1] He pled guilty to one count of possession of methamphetamine pursuant to a plea bargain dropping the other two counts. Movant was denied probation and sentenced to serve the maximum penalty of twenty years in the Department of Corrections. Movant filed a pro se motion for post-conviction relief which was amended following appointment of counsel. *See* Rule 24.035. The motion court denied an evidentiary hearing. From this judgment movant appeals.

Movant relies on two points on appeal. He claims (1) that his trial counsel was ineffective, and (2) that the record of his guilty plea does not establish a factual basis for the plea as required by Rule 24.02(e).

In order to be entitled to an evidentiary hearing, the motion must allege facts which would warrant relief if true, which are not refuted by the record, and which resulted in prejudice to the defendant. *Sinn v. State,* 741 S.W.2d 749, 750 (Mo. App.1987). A challenge to the validity of a plea of guilty may only question whether the plea was voluntary and intelligent. *Id.*

Movant's first point is that his attorney was ineffective in failing to advise him that he would waive his right to a hearing on his motion to suppress evidence by pleading guilty, thereby causing the plea to be entered without full knowledge. The post-conviction motion does not allege, even by way of conclusion, that any of the motions to suppress evidence would have been meritorious. In addition, the trial court questioned movant specifically about these motions during the guilty plea hearing:

> THE COURT: Mr. Hagen, there are pending a number of motions that were filed on your behalf by your attorney. Such motions as Motion to Suppress Physical Evidence, Motions to Suppress and Exclude Confessions and Facts of Statements against interests that you supposedly [sic] made, Motion to Suppress Extra–Judicial Identification, number of other motions that are filed on your behalf that the court has yet to hold a hearing on. Now, if we were to go to trial we would hold a hearing on those

1. Unless otherwise indicated, all references to statutes are to RSMo 1986 and rule references are to Missouri Rules of Court (20th ed. 1989).

and the court would determine whether to suppress that evidence.

But, inasmuch as you're pleading guilty you're going to waive any complaint you have about any of those matters. Search and Seizure of any Evidence. Any statements that were taken from, any identification, any complaint about any irregularities that you have on those matters you're going to be waiving by entering your plea. Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: Do you want to do that?

DEFENDANT: Yes, sir.

THE COURT: Okay. Is it still your wish to plead guilty?

DEFENDANT: Yes, sir.

At the sentencing hearing movant stated: "I just understood if I went ahead and pleaded guilty that I couldn't go with my motions." The post-conviction motion fails to allege facts showing movant was entitled to relief on his motions to suppress evidence, and the record refutes any claim that he did not know and understand that he waived any claim for relief contained in the motions to suppress by pleading guilty. The first point is denied.

■ Turning to the second point, the contention that the record fails to disclose a factual basis for the plea of guilty appears for the first time in movant's appellate brief. It does not appear in his pro se motion or in his amended motion. By verifying these motions, movant acknowledged that any ground not listed in his motion was waived. § 24.035(d). A ground for relief first raised in the appellate court cannot be considered. *Brown v. State*, 729 S.W.2d 54, 56 (Mo.App.1987).

Because movant's first point is without merit and his second point was not raised in the court below, the judgment is affirmed.

CROW, P.J., and GREENE, J., concur.