Chester GOODSON, Movant,

v.

STATE of Missouri, Respondent.

No. 56045.

Missouri Court of Appeals,
Eastern District,
Division One.

June 27, 1989. .

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 15, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Cheryl Rafert, St. Louis, for movant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, Chester Goodson, appeals from the denial of his Rule 27.26 motion (repealed January 1, 1988) without an evidentiary hearing. Movant previously pleaded guilty to possession of a schedule II controlled substance, forgery, driving while intoxicated, and two counts of driving with a suspended or revoked license. He received concurrent sentences for a total term of five years. We affirm.

Movant first alleges the trial court abused its discretion in denying his request for a bench trial. Rule 27.01(b) allows a defendant in a criminal case to waive a trial by jury, *with the assent of the court.* Rule 27.01(b) does not, however, afford the defendant in a criminal case the *right* to a bench trial. Even if movant had such a right he waived it when he entered a plea of guilty. *Reeves v. State,* 726 S.W.2d 366, ·370 (Mo.App.1987). Movant's first point is denied.

Movant next contends that he received ineffective assistance of counsel because counsel failed to object to the trial court's denial of movant's request for a bench trial. As movant has entered a plea of guilty, the adequacy of counsel is material only to the extent it effects the voluntariness and understanding of his plea. *Wells v. State,* 621 S.W.2d 553, 554 (Mo. App.1981). During the hearing of his guilty plea, defendant unequivocally testified his plea was made voluntarily and with understanding. Defendant further testified his plea was not elicited by threats or promises and counsel did everything requested of her. Movant's second point is denied.

In his third and final point, movant alleges he has been subjected to harassment by reason of a letter, sent to the Department of Corrections by the prosecutor, stating that movant is a known pimp. The purpose of Rule 27.26 was to provide a procedure limited in scope allowing a prisoner to attack his conviction and sentence. *Brauch v. State*, 653 S.W.2d 380, 381 (Mo. banc 1983). Here, movant's allegation attacks conditions of his confinement. Movant's claim is therefore not cognizable under Rule 27.26. *Abercrombie v. State*, 755 S.W.2d 734, 736–737 (Mo.App.1988). Movant's third and final point is therefore denied.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.