977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Robert W. LOHMAN, Appellant,
v.
Michael GROOSE, Appellee.
 No. 91-3404.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 18, 1992.
Filed: October 6, 1992.
 
 Before HANSEN, Circuit Judge, and HEANEY and ROSS, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert W. Lohman appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988). We affirm.
 
 
 2
 Lohman pleaded guilty to second-degree murder in Missouri state court and was sentenced to life imprisonment. Judgment was entered July 22, 1983. Lohman later sought post-conviction relief in the Missouri courts, which was denied without evidentiary hearing.[1]
 
 
 3
 Lohman then brought his petition for a writ of habeas corpus before the United States District Court, which referred the matter to a magistrate. Following the magistrate's recommendation, the district court denied Lohman's petition for the writ. We affirm the order of the district court.
 
 
 4
 This case resulted from the death of Donna Roberts, a friend of Lohman's fiancee. According to Lohman, he and his brother had decided to kidnap Roberts because they believed her family had money. On the day of Roberts's death, Lohman met Roberts, and the two had sex before meeting Lohman's brother at a lake. Roberts made a tape recording of her voice asking her father to do whatever they asked. Lohman then went for a walk at his brother's request and returned to find the two undressed. Lohman's brother then asked him to kill Roberts, and he refused. The brother then became very angry and marched over to Roberts, twice striking her in the back of the head with a bumper jack. At his brother's request, Lohman brought a tire and chain over to the body, which his brother tied to Roberts. Finding that the tire floated, Lohman and his brother fired a shotgun at the tire several times. Lohman's brother then dragged the tire and body back to shore, tied a rock to the body, and pushed it back out into the water.
 
 
 5
 On appeal Lohman argues that his plea was not knowing and voluntary. He raises two grounds for this assertion. First, that because his actions would constitute first-degree murder under Missouri law and because second-degree murder is not a lesser included offense of first-degree murder in Missouri, there is no factual basis for his plea to second-degree murder.[2] Second, that because he could only be liable for the actions of his brother under a felony murder theory and because there is inadequate factual support for his having committed a kidnapping in this case-primarily because he alleges Roberts accompanied him voluntarily-there is no factual support for his plea.
 
 
 6
 The two arguments can be taken together. Lohman correctly asserts that the felony murder provision applicable to a kidnapping case is the first-degree murder provision. Mo. Rev. Stat. § 565.003 (1978). It applies either in the case of kidnapping or attempted kidnapping. Under Missouri law, an attempt requires simply that a substantial step be taken toward commission of the crime. Mo. Rev. Stat. § 564.011 (1978). Lohman's own statements at the plea hearing provide ample factual support for the plea to the underlying felony of attempted kidnapping.
 
 
 7
 The question then becomes whether under these facts, which support a plea to first-degree murder, Lohman's plea to second-degree murder was knowing and voluntary. Though the Missouri Supreme Court has defined second-degree felony murder to include "homicides committed in the perpetration of or attempt to perpetrate any felony other than the five listed in the first degree murder statute," State v. Clark, 652 S.W.2d 123, 127 (Mo. 1983) (en banc), it has also held that second-degree felony murder is a lesser included offense of first-degree felony murder. State v. Wilkerson, 616 S.W.2d 829, 832-33 (Mo. 1981) (en banc). Lohman incorrectly assumes that these two statements are somehow inconsistent. We find no such inconsistency.
 
 
 8
 Lohman's argument also assumes that he could only be criminally liable under a felony murder theory. The prosecution intended an aiding and abetting theory, however, which the Missouri Court of Appeals found persuasive. That court held that Lohman "pleaded guilty to being an 'aider' in the murder" and that "aiders who act with common purpose with active participants or who, before or during the commission of a crime, intentionally and knowingly aid or encourage the commission of an offense, are guilty of the offense." Lohman v. State, 737 S.W.2d 524, 525 (Mo. Ct. App. 1987) (quoting State v. Coleman, 660 S.W.2d 201, 218 (Mo. Ct. App. 1983)). Lohman's assumption that he could only be liable under a felony murder theory is therefore erroneous. Under either theory, we find that the district court did not err in finding that Lohman knowingly and voluntarily entered his guilty plea to second-degree murder.
 
 
 9
 Lohman also argues on appeal that the district court abused its discretion in not appointing him counsel sua sponte and in not granting an evidentiary hearing. We find both contentions without merit.
 
 
 10
 Appointment of counsel is unnecessary when, as in this case, the issues raised can be resolved on the basis of the state court record. Glass v. Higgins, 959 F.2d 88, 90 (8th Cir. 1992); Travis v. Lockhart, 787 F.2d 409, 411 (8th Cir. 1986). Similarly, this court has held that "dismissal of the habeas petition without a hearing is proper ... where the dispute can be resolved on the basis of the record." Wallace v. Lockhart, 701 F.2d 719, 729-30 (8th Cir.), cert. denied, 464 U.S. 934 (1983). In both the state post-conviction proceeding and in the district court proceeding, the transcript of the plea hearing provided sufficient basis for decision. We find no abuse of discretion by the district court in not appointing counsel sua sponte and in not granting an evidentiary hearing.
 
 
 11
 The order of the district court is affirmed.
 
 
 
 [1]
 Lohman initially brought a Missouri Supreme Court Rule 27.26 motion to vacate, the denial of which was affirmed in Lohman v. State, 737 S.W.2d 524 (Mo. Ct. App. 1987). He then brought a motion under Rule 24.035, which was denied as a successive motion for post-conviction relief. The motion court's denial was affirmed in Lohman v. State, 786 S.W.2d 212 (Mo. Ct. App. 1990)
 
 
 [2]
 On appeal this argument is raised under the rubric of insufficiency of counsel. As there was no insufficiency of counsel argument raised at the district court level, the argument can only support a claim of an involuntary and unknowing plea before this court