Gary Leon BROWN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 18590.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 10, 1993.

Marcie W. Bower, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant Gary Leon Brown appeals from a denial, without evidentiary hearing, of his Rule 24.035[1] motion, seeking to vacate a judgment and sentence on a plea of guilty to murder in the second degree. Movant was sentenced to life imprisonment.

Movant's sole point is that he was entitled to an evidentiary hearing on his motion, and the trial court erred in ruling otherwise, because the motion pleaded facts which, if proved, would warrant relief and which are not refuted by the record in that the motion pleaded: (1) Movant was coerced to plead guilty in order to be released from solitary confinement and was told [by his attorney] to lie regarding the voluntariness of his plea, and (2) "The state withheld information which would have proven [movant's] alleged confession was coerced, knowingly used perjured testimony at the suppression hearing, and failed to reveal this information until after movant pleaded guilty."

■ To entitle movant to an evidentiary hearing on his Rule 24.035 motion, (1) the motion must plead facts, not conclusions, which if true would warrant relief, (2) the allegations of fact must not be refuted by the record, and (3) the matters complained of must have resulted in prejudice to movant. *Thurlo v. State*, 841 S.W.2d 770, 771 (Mo. App.1992); *Wedlow v. State*, 841 S.W.2d 214, 216[2] (Mo.App.1992); *Recklein v. State*, 813 S.W.2d 67, 70[6] (Mo.App.1991). If any of these three factors is absent, the motion court may deny an evidentiary hearing. *Wedlow*, at 216. Appellate review of the trial court's ruling on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j).

■ The record contains the transcript of the guilty plea hearing of February 6, 1990. At that hearing, the court accepted movant's guilty plea and sentenced him in accordance with a plea bargain. Movant's plea was a so-called Alford[2] plea.

The prosecutor outlined what the state's evidence would be at the trial of the charged offense. Under examination by the court, movant testified that prior to the hearing he had been incarcerated in the Jasper County Jail, the state penitentiary, and the Phelps County Jail. He said that the treatment he received at the Jasper County Jail was humane and none of the police officers or sheriffs coerced him to plead guilty. He said the same was true with regard to his treatment by law enforcement personnel at the Phelps County Jail. During his incarceration at the penitentiary, he was placed "in Super Max, and my complaint was that was so small and I couldn't talk to anyone and I was only let out an hour a day."

After the judge had explained to movant what rights he was waiving by his plea, movant testified that no one had threatened him in any manner or tried to coerce him to enter his plea, "no one whatsoever." He further testified that no one had told him to lie or withhold any facts in connection with the plea he was entering. He said he had no complaints with regard to his representation by defense counsel. Movant informed the court that he was satisfied with what he was doing in entering his plea and that it was to his best interest to do so. He also stated that he understood the plea bargain and had agreed to it.

The court found that the Alford plea was made voluntarily, intelligently, and knowingly, with a full understanding of the charge and the consequences of the plea and with an understanding of movant's rights attending a jury trial and the effect of the plea upon those rights. The court also found there was evidence from which movant could reasonably determine that if he were tried by jury,

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

2. Under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), an accused may plead guilty without admitting the commis-

sion of the offense, or even while protesting his innocence, if he intelligently concludes his interest so requires and the record strongly evidences guilt.

the jury would find him guilty, and possibly of first degree murder.[3]

The portion of the first prong of movant's point which claims that his guilty plea was coerced due to inhumane conditions in the state penitentiary is refuted by the record. *Bilskey v. State,* 842 S.W.2d 891, 894 (Mo. App.1992); *Goodson v. State,* 778 S.W.2d 252, 253[3] (Mo.App.1989); *Ryan v. State,* 755 S.W.2d 11, 12–13 (Mo.App.1988); *Davis v. State,* 745 S.W.2d 782, 785[2] (Mo.App.1988); *Welch v. State,* 727 S.W.2d 208, 210[1] (Mo. App.1987); *Simon v. State,* 603 S.W.2d 48, 49–50[3] (Mo.App.1980). In *Goodson* the court said, at 253, that complaints concerning conditions of a prisoner's confinement are not cognizable in a post-conviction proceeding based on a guilty plea. In *Davis,* at 785, the court said that "movant waived his rights to assert the alleged inhumane conditions by virtue of his guilty plea."

■ A mere allegation that movant's attorney instructed movant to lie at a guilty plea hearing does not entitle movant to an evidentiary hearing on his Rule 24.035 motion. *Wedlow v. State,* 841 S.W.2d at 217[11]; *White v. State,* 781 S.W.2d 167, 168–169[4] (Mo.App.1989); *Pines v. State,* 778 S.W.2d 724, 726[2] (Mo.App.1989); *Robinson v. State,* 772 S.W.2d 770, 773, n. 1 (Mo.App. 1989); *LaRose v. State,* 724 S.W.2d 339, 340[1] (Mo.App.1987). The first prong of movant's point has no merit.

■ With respect to prong 2 of movant's point, the following occurred at the guilty plea hearing when movant was questioned by the judge who later accepted the plea:

Q. Now, you have a lot of motions that were filed in this case. And I can't remember them all, but I think, at this particular time, the Court has ruled on, at least, 45 or 50 motions. I've sustained some, and I've overruled most of them, I believe.

You still have pending in this case the most important one, I think, a motion to suppress the evidence. You understand that?

A. Yes, sir.

Q. And your attorneys presented a lot of evidence in that respect, but they still had some more evidence to present; you understand that?

A. Yes.

Q. Do you understand that, if I accept your plea of guilty, and you are found guilty in your Alford plea, that any and all motions now pending in this case could not be brought up again?

A. Yes, sir.

■ Movant's claim that his confession was coerced, even if proved, is not a sufficient ground to invalidate a guilty plea voluntarily and understandingly entered with advice of counsel. *Kunkel v. State,* 501 S.W.2d 52, 54[2] (Mo.1973); *Coney v. State,* 491 S.W.2d 501, 513[18] (Mo.1973); *Walter v. State,* 782 S.W.2d 781, 782[1] (Mo.App.1989); *Anderson v. State,* 747 S.W.2d 281, 285[4,5] (Mo.App.1988); *Clemmons v. State,* 520 S.W.2d 623, 624[2] (Mo.App.1975); *Floyd v. State,* 518 S.W.2d 700, 703[8] (Mo.App.1975).

■ A claim by movant that his guilty plea was not voluntary because of violations of movant's right to receive disclosure is waived by the entry of the guilty plea. *Carrow v. State,* 755 S.W.2d 328, 330[2,3] (Mo.App. 1988). Movant's claim that the state knowingly used perjured testimony at the suppression hearing is unsupported by any facts and constitutes a mere conclusion. Further, as the foregoing authorities demonstrate, a claim that his confession was coerced is waived by the entry of a valid guilty plea. The second prong of movant's point has no merit.

The trial court properly denied movant relief on his motion because the motion failed to plead facts, not conclusions, which, if true, would warrant relief, and for the further reason that such facts as are pleaded were

**3.** As part of the plea bargain, the offense charged was reduced from first degree murder to second degree murder.

refuted by the record of the guilty plea hearing.

The judgment is affirmed.

PREWITT and GARRISON, JJ., concur.