**Derrick Ronnie PORTER, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 47535.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 21, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 28, 1984.

Lew A. Kollias, Public Defender, Jefferson City, for movant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Chief Judge.

Movant appeals from the denial of his Rule 27.26 motion, entered after an evidentiary hearing. Originally charged with capital murder, movant entered a guilty plea to a reduced charge of second degree murder. Movant was sentenced to twenty-five years imprisonment with the Department of Corrections. We affirm.

At the guilty plea proceeding, the court asked the circuit attorney to relate the evidence he would expect to produce at trial. Movant agreed that the following facts are correct: On January 7, 1981, movant was visiting his girlfriend outside her home where she lived with her sister, her sister's husband, and their son. Movant and his girlfriend became involved in an argument, and the girlfriend ran into the house, followed by movant. The girlfriend's sister and brother-in-law came to her assistance. Movant swung at the sister, stated he would come back, and left the premises. He returned approximately one half hour later with a sawed-off shotgun. He kicked in the front door, stated that he had said he would be back, and fired one shot which struck the head of the sister's husband and killed him. Homicide detectives determined the distance between movant and the victim to be twelve feet.

Movant denied that he intended to kill the victim, but stated that he thought a jury would not believe him. He therefore wished to plead guilty to the reduced charge of second degree murder.

Before the court accepted movant's guilty plea, it conducted an extensive examination of movant. Movant testified as follows: he fully understood the original capital murder charge and the second degree murder charge. He knew the full range of punishment that could be assessed on each charge. He told his attorney everything he knew about the incident. His attorney had done everything movant asked him to do. He knew of no witnesses that could help him defend the case. He was satisfied with his representation and had no complaints or criticism about his lawyer. He knew the state would recommend a twenty-five year sentence, and the judge would not give him a sentence greater than twenty-five years without affording movant an opportunity to withdraw his guilty plea. He knew he could not withdraw his guilty plea if the sentence was twenty-five years or less. No other promises had been made. He was aware of the full meaning of the right to a trial by jury. No threat, mistreatment, or coercion was used to elicit his guilty plea. After movant's testimony, the court accepted the guilty plea as having been voluntarily and intelligently made.

On appeal from the denial of his Rule 27.26 motion, movant contends he was denied effective assistance of counsel in that his attorney failed to employ discovery to become familiar with the case, to prepare a defense, and to follow favorable leads given to him by movant. Movant also contends that his guilty plea was not made freely, voluntarily, and intelligently because his attorney induced him to plead guilty out of fear, by persuasion, and through misapprehension.

█ Our review is limited to a determination of whether the trial court's findings, conclusions, and judgment are clearly erroneous. Rule 27.26(j). After a guilty plea has been entered, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Chapman v. State*, 641 S.W.2d 428 (Mo. App.1982).

█ At the evidentiary hearing on the Rule 27.26 motion, the trial court had before it the testimony of the movant and the record of the guilty plea. The guilty plea transcript clearly refutes movant's claims, and the trial court is not required to believe movant's testimony at a Rule 27.26 hearing. *Bennett v. State*, 549 S.W.2d 585 (Mo.App.1977). In its findings of fact and conclusions of law, the trial court specifically found the movant not to be credible. We must defer to the trial court's determination of credibility. *Houston v. State*, 623 S.W.2d 565 (Mo.App.1981). We find that the trial court's ruling was not clearly erroneous.

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.