**Roger Roy NOLAN, a/k/a Roger Roy Noland, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 14937.

Missouri Court of Appeals,
Southern District,
Division One.

July 30, 1987.

Motion for Rehearing or to Transfer to Supreme Court Denied Aug. 20, 1987.

Gary L. Smith, Lebanon, for movant-appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Presiding Judge.

On March 4, 1983, Roger Roy Nolan entered a plea of guilty to an amended charge of first degree murder, reduced from capital murder, and was sentenced to life imprisonment. The amended information alleged Nolan killed Mary Lou Simpson while attempting to subdue her during the perpetration of the crime of kidnapping.

On July 23, 1985, Nolan filed a motion to set aside his conviction and sentence, pursuant to Rule 27.26,[1] which, after amendment, alleged 1) his confession to the crime was improperly obtained by coercion and promises of leniency, 2) insufficiency of evidence to support a conviction, and 3) ineffective assistance of trial counsel. After an evidentiary hearing, the motion court made findings of fact and conclusions of law and denied relief.

Nolan appealed, claiming the motion court erred in finding he was afforded effective trial counsel because his trial counsel failed to properly advise him 1) "as to the admissibility of his statements to the authorities," and 2) "as to the period of time he would actually spend in the department of corrections, thereby inducing him to plead guilty due to the misleading advice he received."

Our review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j).

Since Nolan entered a guilty plea to the murder charge, any post-conviction claim of ineffective assistance of trial counsel is immaterial, except to the extent that such alleged ineffectiveness might have on the issue of whether his guilty plea was voluntary. *Porter v. State*, 678 S.W.2d 2, 3 (Mo.App.1984). Nolan has the burden of

---

1. Missouri Rules of Court, V.A.M.R.

proof of showing his guilty plea was not voluntarily and knowingly entered. *Walker v. State*, 698 S.W.2d 871, 874 (Mo.App. 1985).

■ Nolan alleges that his trial attorney did not advise him that his admissions and confession to his participation in the murder were legally flawed. The motion judge observed that when he entered his guilty plea, Nolan acknowledged, in response to direct questions from the judge, that by pleading guilty he waived any right he had to pursue motions to suppress the confession and admissions which had been filed by his trial counsel.

Nolan's trial lawyer also testified at the 27.26 hearing, and stated that not only had he advised Nolan as to possible legal error in the obtaining of admissions and confession from him, but that he had also filed motions to suppress the statements.

There was sufficient evidence to support the motion court's finding that trial counsel had sufficiently advised Nolan concerning his chances to have his pretrial incriminating statements suppressed.

In regard to Nolan's allegation that his trial counsel incorrectly advised him as to how much time he would actually have to serve in prison, if he entered a plea of guilty to the first degree murder charge, a review of the record demonstrates that the complaint is groundless. Prior to the entry of his guilty plea, Nolan was told by the trial judge that the punishment for first degree murder was life imprisonment. Nolan said he understood. Nolan also stated that his trial counsel had "done everything that I've asked him to do," and that he was satisfied with his legal representation. When asked if he had any complaints regarding his legal representation, Nolan said, "No, sir." At the 27.26 hearing, trial counsel testified that he had not represented to Nolan any specific amount of time Nolan would have to serve before he would be eligible for parole. There was sufficient evidence for the motion court to find that trial counsel did not misrepresent to Nolan the amount of time he would actually have to serve.

It is clear from the record that the guilty plea was entered as the result of a plea bargain in which Nolan traded a life sentence with no possibility of parole for 50 years, which he would have received on a guilty plea to the original charge of capital murder, for a lesser period of time to be served on a life sentence, with a possibility for early parole, after a plea to the first degree murder charge.

The motion court's conclusions that Nolan was not deprived of effective assistance of counsel at the trial level, and that his plea of guilty was intelligently, knowingly, and voluntarily made are supported by the record and are not clearly erroneous.

The motion court's denial of Nolan's motion to vacate his conviction and sentence is affirmed.

CROW, C.J., and HOLSTEIN, J., concur.