**Michael J. SIMMONS,**
**Movant–Appellant,**

v.

**STATE of Missouri,**
**Respondent–Respondent.**

No. 52823.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 15, 1987.

Motion for Rehearing and/or Transfer
Denied Jan. 26, 1988.

Application to Transfer Denied
March 15, 1988.

Michael J. Burton, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion following an evidentiary hearing. We affirm.

A jury found movant guilty of second-degree burglary and stealing $150 or more. The trial court sentenced him to consecutive terms of ten years and eight years on the two charges. He appealed, and we affirmed the conviction. *State v. Simmons,* 665 S.W.2d 24 (Mo.App.1983).

A brief review of the evidence reveals that the house owned by Lawrence Kennedy was broken into while he was at work. A video disk player, still in the box, and a ring were taken. A witness saw a man in the area carrying a box, and the description he gave of the man fit movant. It had snowed, and footprints were traced from where the witness saw the man to the car of movant's wife. The police found the video disk player in the trunk of the car. The ring was discovered later in a search of movant's residence. Movant told the officer who looked in the trunk that he had found the box next to the trash dumpster.

Movant filed a pro se Rule 27.26 motion, contending that he was denied effective assistance of counsel, that by setting his trial immediately after arraignment the court deprived him of a fair opportunity to prepare his defense, and that the court lacked jurisdiction to prosecute a "third amended information" because it lacked probable cause and was not verified. The court appointed counsel to represent movant, and an amended 27.26 motion was filed. In it movant alleged that his trial counsel was ineffective in failing to investigate his case and in prohibiting movant from testifying, and that he was denied due process because the court "allowed the state to hold two preliminary hearings." After an evidentiary hearing, the court made findings of fact and conclusions of law, denying movant's motion.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912,915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richard-*

*son,* 719 S.W.2d at 915. The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. *Porter v. State,* 678 S.W.2d 2, 3 (Mo.App.1984). The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Careaga v. State,* 613 S.W.2d 863, 867 (Mo.App.1981).

■ In movant's first two points, he contends the motion court erred in not finding that his trial counsel was ineffective in two respects: in failing to investigate his case, specifically alibi testimony from his four-year-old son; and in denying him his right to testify by "domineering tactics."

At the evidentiary hearing, movant testified that at the time of the burglary he was at home with his son while his wife went to the laundromat. He said his son broke a lamp while she was gone. When she returned, he said, he went down to her car to bring back the laundry and found the box containing the video disk player with the ring inside beside the trash dumpster. He stated that his son was pretty smart, but he didn't know if he would be able to testify. He said that he met with counsel twice before trial, that he told her of his son and other possible witnesses, that he had two previous burglary convictions and a felony conviction for taking a motor vehicle from one state to another, and that he told counsel he wanted to testify but she advised against it because of his prior convictions.

Counsel testified, detailing her investigation. She said that she went to the victim's home and traced the route back to movant's apartment, taking photographs, that she interviewed several witnesses concerning the crime and the beating by police officers that movant alleged occurred after his arrest, and that she spoke to movant's wife several times, but that movant's wife refused to allow the son to be questioned or to testify. Counsel stated she advised movant not to testify because of his prior convictions and because his story that he found the video disk player and ring would

come out in the testimony of the police officers (which it did).

To prevail on his ineffective assistance of counsel claims, movant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 859–861 (Mo. banc 1987). The motion court's findings and conclusions that counsel was not ineffective are not clearly erroneous. Neither has movant alleged any prejudice. The points are denied.

We have examined movant's other complaints and find them also to be without merit.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.