George ROBINSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 53536.

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
May 25, 1988.

Application to Transfer Denied
July 26, 1988.

Beverly A. Beimdiek, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, George Robinson, appeals from the denial of his Rule 27.26 motion after an

evidentiary hearing. Robinson was convicted by a jury of four counts of selling heroin, in violation of RSMo § 195.020 (1978). He was sentenced as a prior and persistent offender to concurrent twenty year terms of imprisonment for each of the four counts. On appeal, Robinson maintains that he received ineffective assistance of counsel in that his trial attorney did not call three witnesses, did not file a motion to suppress certain statements, and did not advise Robinson of the right to testify on his own behalf. Finding Robinson's contention to be without merit, we affirm.

At the outset, this court recognizes the standard of review to be applied to a trial court's ruling on a Rule 27.26 motion. The appellate court is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that the trial court is mistaken. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). In order to prove ineffective assistance of counsel, Robinson must show that his attorney's performance was deficient and that such deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Robinson claims that he received ineffective assistance of counsel because his attorney did not call three witnesses to testify at trial. In making this allegation, Robinson must overcome the strong presumption that counsel made all significant decisions in the exercise of his reasonable professional judgment. *Williams v. State*, 730 S.W.2d 284, 287 (Mo.App., E.D.1987). Strategic choices made after a thorough investigation of the law and the facts which are relevant to plausible options are virtually unchallengeable. *Id.* At the hearing on the Rule 27.26 motion, defense counsel explained her reasons for not calling the three witnesses. As to police officer Edward Montague, she stated that after interviewing Montague she determined that his testimony would not be of any help to Robinson's case; that, in fact, his testimony might permit the prosecution to introduce evidence of Robinson's extensive criminal record. For, Montague's testimony would have been to the effect that he had arrested Robinson on various occasions but had never arrested him for a drug-related charge. As to Janet Newell, defense counsel said that after interviewing Newell she concluded that her testimony would hurt Robinson in that it would connect Robinson to the apartment from where it was alleged that he had sold heroin. The law is well-settled that if defense counsel believes that the testimony of a witness would not unqualifiedly support his client's position, it is a matter of trial strategy not to call him to the stand, and the failure to call such a witness does not constitute ineffective assistance of counsel. *State v. Turner*, 623 S.W.2d 4, 12 (Mo. banc 1981); *Walker v. State*, 715 S.W.2d 261, 262 (Mo.App., E.D. 1986). As to J.C. Hill, Robinson's codefendant, defense counsel testified that Robinson did not ask her to interview Hill or proffer any information to counsel as to how Hill might aid Robinson's case. Defense counsel did speak to Hill's attorney; Hill himself was confined to a mental hospital. Robinson's failure or inability to demonstrate how Hill's testimony might have benefitted him precludes any claim that he was denied effective assistance of counsel. *See State v. Turner*, 623 S.W.2d at 12.

Robinson also maintains that he received ineffective assistance of counsel because his attorney did not file a motion to suppress statements which Robinson made to the police after his arrest. Defense counsel testified she was convinced that a motion to suppress would be unsuccessful and that, were she to file such a motion, she would be precluded from then using the statements to attack the credibility of the police officer who testified as to these statements. Defense counsel's basis for impeachment was that the statements were allegedly made to the police on January 31, 1985, and yet no report of these statements was made until June 26, 1985. We find that this strategic decision was made after a thorough consideration of the plausible

options available in conducting Robinson's defense.

Finally, Robinson argues that he received ineffective assistance of counsel because his attorney did not advise him of his right to testify. At the evidentiary hearing, defense counsel testified that she always discusses with her clients their right to testify and that she was certain that Robinson knew of his right to testify. She recalled showing Robinson a list of his prior convictions which would have been admissible if he took the stand. The credibility of witnesses is a matter for the trial court's determination. *Leigh v. State*, 673 S.W.2d 788, 790 (Mo.App., E.D.1984).

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.