Jim Edward RYAN, Appellant,

v.

STATE of Missouri, Respondent.

No. 15479.

Missouri Court of Appeals,
Southern District,
Division One.

July 29, 1988.

Jim Lynn, Columbia, for appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

On July 28, 1986, appellant Jim Edward Ryan (movant) entered a plea of guilty to the Class A felony of assault in the first degree. § 565.050.[1] He was sentenced to fifteen years in the Missouri Department of Corrections. See § 558.011. As part of an agreement with the State, two other companion charges, first degree robbery and felony stealing, were dismissed. On August 3, 1987, movant filed a motion pursuant to Rule 27.26.[2] Following a hearing on the motion, the court found that his plea of guilty had been entered knowingly, intelligently, and voluntarily. The motion pursuant to Rule 27.26 was thereafter denied.

On appeal, movant claims that the evidence at his motion hearing established that he suffered from drug addiction and

---

1. Unless otherwise indicated, all references to statutes are to RSMo, 1986.

2. Rule references are to Missouri Rules of Criminal Procedure (18th ed. 1987). Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed. 1988). The instant proceeding continues to be governed by Rule 27.26, as the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 24.035(1) Missouri Rules of Criminal Procedure (19th ed. 1988).

other health problems which combined with dangerous and inhumane conditions existing in the jail, rendering his plea of guilty involuntary. See *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Movant claims the motion court's findings to the contrary were erroneous.

The standard by which we review findings of fact and conclusions of law made by a trial court in a Rule 27.26 proceeding is whether the findings and conclusions of the trial court were clearly erroneous. Rule 27.26(j); *Futrell v. State,* 667 S.W.2d 404, 405 (Mo. banc 1984). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Perkins v. State,* 750 S.W.2d 594, 596 (Mo.App.1988). The motion court is not required to believe the testimony of the movant or any other witness at a Rule 27.26 hearing, and the appellate court must defer to the motion court's determination of credibility. *Perkins v. State, supra; Simmons v. State,* 745 S.W.2d 181, 182 (Mo.App.1987). As will become apparent hereafter, movant's testimony at the Rule 27.26 hearing was contradicted by his testimony given at the time he entered the plea of guilty.

From March 3, 1986, until August 1, 1986, movant was incarcerated in the Dade County Jail. At his hearing on the 27.26 motion, movant complained that his cell was small, dirty, crowded for a period of time, and located near a window opening on to an attached carport where sheriff's department personnel left cars running. According to movant, fumes from the vehicles came through an open window, inducing headaches. Movant further complained that he was allowed only two meals a day, which had to be eaten near the smelly toilet in his cell. Other health problems from which movant claimed to suffer were withdrawal occasioned by addiction to drugs and alcohol, a toothache, and an ulcer. Movant does not claim he was denied medical treatment for these problems, but protests the delay in treatment. The problems related to withdrawal from drugs and alcohol were mostly "mental." Finally, movant complains that he was threatened by Craig Grisham, the son of the victim of the assault. On one occasion, Grisham came to the sheriff's office which was located on a different floor than the jail. Movant claimed Grisham was armed with a gun at that time, although movant never saw the weapon. On another occasion, Grisham was incarcerated in the same jail with movant. Apparently, the sheriff's department transferred movant to the "drunk tank" to protect him from Grisham.

Movant made no mention of the jail conditions, threats, or health problems when he was interrogated by the judge at the time he entered the plea of guilty. The following was elicited by the trial judge:

Q: How long have you been in jail?

A: I've been in just about 6 months.

Q: Do you have any complaints about the acts of any officer, including the arresting officer, jailers, sheriff, deputy sheriff, prosecuting attorney or any other official?

A: No, I don't.

Q: Has anyone used force, threats, coercion or other inducements to get you to plead guilty?

A: No.

Q: Has anyone persuaded you to plead guilty against your will?

A: No.

.    .    .    .    .

Q: Do you plead guilty of your own free will and because you're guilty as charged in the information?

A: Yes, I do.

Drug addiction, conditions of a county jail, and threats against a person entering a plea of guilty do not per se render the plea of guilty involuntary. *Smith v. State,* 674 S.W.2d 634, 636 (Mo.App.1984); *Flowers v. State,* 632 S.W.2d 307, 312 (Mo.App.1982). The question is whether the circumstances complained of affected the movant in such a way that his was not a knowing, voluntary plea of guilty. *Smith v. State, supra,* 636–637. Where an appellant's assertion that his plea was coerced by inhumane jail conditions is directly refuted by the record, as it is in this case, the post-conviction

court commits no error, clear or otherwise, in rejecting a claim that the plea of guilty was involuntary. *Woods v. State,* 564 S.W. 2d 333, 334 (Mo.App.1978).

Movant had the burden to establish that his guilty plea was not voluntarily and knowingly entered. *Nolan v. State,* 734 S.W.2d 604, 605 (Mo.App.1987). Movant's claim that his plea of guilty was the result of coercion or unknowingly entered while withdrawing from alcohol and drugs was rejected by the trial court as unworthy of belief. Therefore, movant failed to sustain his burden of proof on the question presented. The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.