Lonnie Gene
**ABERCROMBIE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15435.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 16, 1988.

Melinda K. Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

On May 30, 1984, Lonnie Gene Abercrombie (movant) entered a plea of guilty to the Class A felony of first degree robbery, § 569.020.[1] Movant was sentenced to twenty years' imprisonment, § 558.011.1(1). Because movant claimed not to remember the events constituting the charged offense, he entered a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Movant filed a Rule 27.26[2] motion which, as amended, alleged *inter alia* that movant's plea of guilty was involuntarily and unintelligently made because it was induced as a result of pretrial confinement in a filthy jail which was infested with insects and while movant was being denied treatment for an ear infection. According to the amended motion, movant was told by the jailers that if he entered a plea of guilty, he could probably get proper medical attention.

An evidentiary hearing was held on October 6, 1987. Following the hearing, the court made findings of fact and conclusions of law which found that movant was provided proper medical attention while confined in jail between November 18, 1983, and May 31, 1984, that the conditions in the jail did not affect movant's decision to enter a plea of guilty, and that the plea of guilty was knowingly, voluntarily, and intelligently made. The court denied movant relief. Movant appeals claiming the findings and conclusions are clearly erroneous.

The standard by which findings of fact and conclusions of law by a trial court in a Rule 27.26 proceeding are reviewed on appeal is whether the findings and conclusions of the trial court were clearly erroneous. Rule 27.26(j); *Futrell v. State*, 667 S.W.2d 404, 405 (Mo. banc 1984). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Perkins v. State*, 750 S.W.2d 594, 596 (Mo.App.1988).

Movant has the burden of establishing that his guilty plea was not voluntarily and knowingly entered. *Nolan v. State*, 734 S.W.2d 604, 605 (Mo.App.1987). The motion court is not required to believe the testimony of the movant or any other witness at a Rule 27.26 hearing, and the appellate court defers to the motion court's determination of credibility. *Perkins v. State, supra; Simmons v. State*, 745 S.W. 2d 181, 182 (Mo.App.1987).

The evidence at the hearing indicated that movant was in jail on the robbery charge from November 18, 1983, until the date of his plea of guilty on May 30, 1984. The jail records indicate that he saw a doctor on November 29 and again on December 13 for an ear problem. Movant was given two prescriptions.

Movant testified that commencing a couple of weeks after his confinement, he suffered from an ear infection. Although he informed his jailer, he was only able to see a doctor after about three days. Movant claims the ear condition persisted after he saw the doctor the second time. He asserts that he made verbal and written requests at least daily, and as many as four or five times a day, to obtain medical treatment but none was provided. Movant said

---

1. Unless otherwise indicated, all references to statutes are to RSMo, 1986.

2. Rule references are to Missouri Rules of Criminal Procedure (18th ed. 1987). Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed. 1988). The instant proceeding continues to be governed by Rule 27.26, as the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 24.035(*l*), Missouri Rules of Criminal Procedure (19th ed. 1988).

the ear infection became so serious that his ear and head began to swell and finally the eardrum burst, resulting in bleeding from the ear.

Movant testified that on the day before he pled guilty, the sheriff had a conversation with him. Movant was talking to the sheriff about trying to see a doctor. According to movant, he was told by the sheriff that because the doctor would only see jail inmates when the doctor had the time, movant would be better off pleading guilty and going on to the penitentiary where he could see a doctor. Movant was vague as to whether a decision had already been made to enter a plea of guilty when he claims his conversation with the sheriff occurred.

Movant testified that the jail was dirty, there were bugs and vermin in the jail, and he had been unable to sleep. He further complained that cleaning supplies for the jail were provided to prisoners only after an inmate "raised all kinds of hell." Movant asserts that the jail conditions and the promise of medical treatment improperly induced his plea of guilty.

Movant's mother and sister testified that or visits to the jail they noticed swelling of movant's head and discoloration and swelling of movant's hands. Movant's sister testified that the jail area which she observed was dirty.

There was substantial evidence contradicting movant's testimony. Perhaps the most significant came from movant. A form questionnaire signed and sworn to by him and filed with the court when movant entered his guilty plea, stated:

Do you have any complaints about the acts of any officer, including the arresting officer, jailers, sheriff or deputy sheriff, prosecuting attorney, or any other official? *No.*

Has *anyone* used force, threats, coercion, or other inducements to get you to plead guilty? *No.*

Has anyone persuaded you to plead guilty against your will? *No.*

There was other evidence consistent with declarations contained in the form questionnaire. Movant's attorney in the under-lying case testified that he had no records and no recollection that movant had ever made any complaints about being denied medical treatment. Defense counsel's practice was to immediately communicate a complaint about medical treatment to the sheriff. Absent a response by the sheriff, the complaint would be documented in the client's file. No documentation of a complaint appeared in the defense attorney's files. In addition, his attorney in the underlying case testified that the plea agreement was precipitated by a letter written by the movant in February in which he requested that his attorney engage in negotiations on the robbery charge. The attorney also stated that he never noticed anything unusual about movant's appearance that would indicate illness, such as swelling or discoloration.

Deputy Kenneth E. Perkins of Lawrence County testified that movant was taken to see Dr. George on two occasions. The jail records identified by Perkins indicate that on March 20, 1984, movant complained of a toothache but stated he did not want to see the dentist. Perkins testified that he was on duty at the jail most every day of the week during the time movant was in jail. Perkins did not recall any occasion when there was a request for medical treatment which was denied. According to Perkins, an exterminator came to the jail at least once a month to spray for insects which kept the problem "down as good as it could be kept down." Perkins further testified that the prisoners, including movant, were allowed access to cleaning supplies. A large trash container was maintained inside the jail area which was emptied on a regular basis. Three meals were provided daily to the prisoners, including movant. Perkins stated he never noticed any swelling in the face or hands or discoloration of the hands while movant was incarcerated.

Movant's brief candidly admits that post-plea assertions that a guilty plea was coerced and involuntary due to the inhumane condition of the jail in which a movant is incarcerated prior to pleading guilty, supplies no grounds for relief in a Rule 27.26 proceeding. *Davis v. State,* 745 S.W.

2d 782, 785 (Mo.App.1988). Movant cites dictum in *State v. Taylor*, 529 S.W.2d 427, 430 (Mo.App.1975), which states as follows:

> If ... the oppressive character of the incarceration reaches the level of cruel and unusual punishment ... and the defendant could sustain the heavy burden of proof to effectively establish that the coercive nature of the penal conditions was directly related to the root decision of whether to enter a plea, it may be undesirable to write off the defendant's contention [that a plea of guilty was involuntary]....

The question for determination is whether the circumstances complained of affected the movant in such a way that his was not a knowing, voluntary plea. *Ryan v. State*, 755 S.W.2d 11 (Mo.App. SD 1988); *Smith v. State*, 674 S.W.2d 634, 636–637 (Mo.App.1984). That question was determined adversely to movant by the court hearing his Rule 27.26 motion. The court below did not believe the movant's claims that his plea of guilty was induced as a result of the inhumane conditions of the jail or the sheriff's department's failure to obtain medical treatment for movant. Giving due regard to the trial court's superior opportunity to judge the credibility of witnesses, the finding that the plea of guilty was voluntary is not clearly erroneous and thus not subject to reversal on appeal. Rule 27.26(j). The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.