Larry D. **MURPHY**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 54756.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 14, 1989.

Application to Transfer Denied
May 16, 1989.

Michael C. Todt, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury for burglary in the second degree and is serving a ten-year prison sentence as a persistent offender. His conviction was affirmed by this court. *State v. Murphy*, 739 S.W.2d 565 (Mo.App.1987).

■ Movant now asserts his trial counsel was ineffective. He first contends he was coerced by his attorney not to testify at trial.

Movant testified at the Rule 27.26 hearing that at trial, he believed he needed to testify so the jury would hear his story, but his trial counsel refused to allow him to take the stand because he could be impeached with his prior convictions.

Movant's trial counsel also testified at the 27.26 hearing. She stated she had advised movant prior to trial the decision whether to testify was his, but as counsel, she recommended to movant that he not testify because he had a lengthy prior criminal record, and counsel believed this often prejudiced the jury. Counsel said movant accepted this advice and did not protest. At trial, movant again brought up the possibility of testifying, but counsel again recommended against it. Counsel stated movant decided to follow this advice.

The decision whether to testify reposes in the accused. *State v. Johnson,* 714 S.W. 2d 752, 766 [24] (Mo.App.1986). Counsel's attempts to dissuade movant from testifying was advice on a matter of trial strategy. *State v. Turner,* 623 S.W.2d 4, 12 [15] (Mo. banc 1981); *McIntyre v. State,* 760 S.W.2d 507, 508 [1] (Mo.App.1988). The motion court believed the story of movant's trial counsel that she had advised movant it was his choice. We must defer to the motion court's determination of credibility. *Simmons v. State,* 745 S.W.2d 181, 182 [2] (Mo.App.1987). The motion court did not err in finding movant had waived his right to testify on his own free will after hearing the advice of his trial counsel. *Robinson v. State,* 752 S.W.2d 351, 354 [5] (Mo.App. 1988). Point denied.

■ Movant also contends his co-defendant should have been called by counsel to testify at trial as an alibi witness. At the 27.26 hearing, counsel testified she had discussed the case with co-defendant at least twice by phone and he was willing to testify for movant. However, co-defendant said he would not do anything to jeopardize his own situation, thus he would invoke his fifth amendment privilege against self-incrimination.

The decision whether to call a witness to testify is a matter of trial strategy, and is virtually unchallengeable. *Berry v. State,* 759 S.W.2d 247, 249 [3] (Mo.App.1988). If

defense counsel believes the testimony of a witness would not unqualifiedly support his client's position, it is a matter of trial strategy not to call him to the stand, and the failure to call such witness does not constitute ineffectiveness of counsel. *Robinson v. State*, 752 S.W.2d 373, 374 [1] (Mo.App. 1988). The motion court did not clearly err in finding that movant's trial counsel was not ineffective because her decision was a matter of trial strategy that co-defendant would not be a beneficial witness. Co-defendant had emphatically declared he would invoke his fifth amendment right against self-incrimination, thus he would not be able to provide exculpatory testimony for movant. *See Lowery v. State*, 650 S.W.2d 692, 694 [1] (Mo.App.1983).

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.