Richard D. DAVIS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 42171.

Missouri Court of Appeals,
Western District.

March 27, 1990.

Mary K. Anderson, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before GAITAN, P.J., and CLARK and MANFORD, JJ.

GAITAN, Presiding Judge.

Movant, Richard D. Davis, appeals the denial of his Rule 27.26 motion following an evidentiary hearing. On September 24, 1987, movant entered a plea of guilty to one count of forcible rape, in violation of Mo.Rev.Stat. § 566.030, and one count of sodomy, in violation of Mo.Rev.Stat. § 566.060. Pursuant to a plea agreement, the prosecution agreed not to present evidence as to movant's status as a class X offender, Mo.Rev.Stat. § 558.019.4(3), and recommended a sentence of twenty-five years for each count, to run concurrently. The trial court accepted the prosecution's recommendation and accordingly sentenced movant.

Movant filed a *pro se* 27.26 motion on December 10, 1987, and on the same day, the motion court appointed counsel to represent movant. Due to various *pro se* motions, continuances, a change of judge, and a change of counsel, the evidentiary hearing was not held until May 31, 1989. At the onset of the hearing, by agreement of the parties, movant was permitted to orally amend his *pro se* motion to include all previously unasserted grounds and supporting facts. The motion court entered its findings and conclusions of law on June 14, 1989, denying movant's motion. We affirm.

■ Our review of the motion court's denial of a Rule 27.26 Motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989); *Futrell v. State,* 667 S.W.2d 404, 405 (Mo. banc 1984). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987); *Whited v. State,* 674 S.W.2d 693, 694 (Mo.App.1984). When a plea of guilty is made, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. *Scott v. State,* 758 S.W.2d 170, 172 (Mo. App.1988); *Chamberlain v. State,* 703 S.W.2d 43, 46 (Mo.App.1985).

■ In his first point on appeal, movant contends that his plea was involuntary because his defense counsel was ineffective for failing to adequately investigate and prepare movant's defense. When counsel's alleged error is the failure to investigate or discover potentially exculpatory evidence, the determination of whether the error prejudiced the movant to plead guilty rather than go to trial rests on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985); *Kline v. State,* 704 S.W.2d 721, 722–23 (Mo.App.1986). When the failure of trial counsel to investigate pertains to witnesses, the movant must show that the witnesses could have been located through reasonable investigation, they would testify if called, and their testimony would provide a viable defense. *Hogshooter v. State,* 681 S.W.2d 20, 21 (Mo.App.1984).

■ At the evidentiary hearing, movant acknowledged that he provided his defense counsel with multiple versions of his defense, including: an alibi that he was not with the victim at the time of the attack, but rather at a Blue Springs bar; that he

had consensual sex with the victim the evening of the crime; and that he had consensual sex with the victim the night prior to the rape, but not on the night the incident occurred. Movant testified that he gave defense counsel the names of several witnesses in order that a defense could be formulated based on movant's assertion of consent.

The attorney who represented movant in the criminal proceedings testified that movant had provided him with various versions of movant's theory of defense during their pretrial meetings. However, defense counsel stated that he had not heard the version regarding consensual sex on the day prior to the rape until the day of the evidentiary hearing. Defense counsel testified that he prepared a defense based on consent, that he was prepared to proceed on the date of the trial, and that witnesses were present to testify in movant's defense. The attorney acknowledged that movant had given him a list of witnesses but as a matter of trial strategy he did not subpoena every individual on the list. Movant's defense counsel also indicated that he believed that because of the state's case and the movant's status as a class X offender, that it was in the movant's best interest to accept the state's plea agreement.

After a review of the record, we fail to find that the movant met his burden of establishing that defense counsel was ineffective for failing to adequately investigate or that the alleged ineffectiveness affected the voluntariness of the movant's plea. Nothing in the record shows that defense counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). As to the issue of witnesses, conjecture or speculation is not sufficient to establish prejudice. *Lockhart v. State,* 761 S.W.2d 634, 635 (Mo.App.1988). Movant fails to show that any testimony by the witnesses would have improved his position, created a viable defense, or altered his attorney's recommendation.

■ We also note that the record of the guilty plea proceeding reflects that movant was fully informed of the charges pled to; the range of punishment; the right to trial by court or jury; the fifth amendment right against self-incrimination; the right to present evidence; the court's subpoena power; and that by pleading guilty he would, on the charges pled to, waive further right to trial. The movant testified at the guilty plea proceeding that no one coerced him to plea guilty, that he understood the plea agreement process, and that he had in fact committed the crimes. Additionally the movant read, reviewed, and signed under oath a document which outlined his understanding, voluntariness, and consent to the waiver of rights and plea of guilty. Through this document, movant acknowledged that he was satisfied with his attorney's advice and counsel. Movant's contention that he did not voluntarily enter a plea of guilty because of counsel's inadequate investigation is clearly refuted by the record. Therefore, movant's first point is denied.

■ Movant next contends that his guilty plea was not knowing and voluntary because he was coerced into entering a plea of guilty. The record indicates that following movant's arrest and arraignment, movant was held at the Lafayette County jail. Upon movant's motion, venue was changed to Saline County and on approximately August 6, 1987, movant was moved to the Saline County jail. At the evidentiary hearing movant alleged that while he was incarcerated at the Lafayette County jail, on July 23, 1987, a sheriff beat him. Movant further claimed that his defense counsel knew of the physical abuse sustained by movant during his incarceration at the Lafayette County jail, and that defense counsel threatened to have movant returned to the Lafayette County jail if he did not plead guilty or requested another attorney.

The attorney who served as movant's defense counsel testified that movant had told him there had been a "run-in" with the sheriff of Lafayette County and knew that movant did not like the jail. However, defense counsel denied threatening movant with return to the Lafayette County jail,

coercing movant to sign any documents, or forcing movant to enter a plea of guilty.

Movant acknowledges in his brief that post-conviction assertions that a guilty plea was coerced and involuntary due to the inhumane conditions of a jail in which a movant was incarcerated prior to pleading guilty generally supplies no grounds for relief in a Rule 27.26 proceeding. *Abercrombie v. State*, 755 S.W.2d 734, 736–37 (Mo.App.1988). When such a claim is asserted, "[t]he question is whether the circumstances complained of affected the movant in such a way that his was not a knowing, voluntary plea of guilty." *Ryan v. State*, 755 S.W.2d 11, 12 (Mo.App.1988).

The motion court is at liberty to disbelieve movant's testimony and to assess the credibility of witnesses. *Welch v. State*, 727 S.W.2d 208, 210 (Mo.App.1987); *Huffman v. State*, 703 S.W.2d 566, 569 (Mo.App.1986). During the evidentiary hearing, the motion court heard testimony from movant, movant's defense attorney, and a deputy sheriff of Lafayette County. The motion court, in support of its ruling, made thorough findings of fact and conclusions of law. The motion court did not believe movant's assertion that his guilty plea was induced by ill treatment at the Lafayette County jail or any alleged statements made by his attorney. Additionally, the claim of involuntariness is directly refuted by the record of the guilty plea proceeding.

We find that movant failed to sustain the burden of showing grounds for relief, by a preponderance of the evidence, as required by Rule 27.26(f). Therefore, the finding that the plea of guilty was voluntary and intelligent is not clearly erroneous and not subject to reversal pursuant to Rule 27.-26(j). The judgment of the motion court is affirmed.

All concur.