STATE of Missouri, Respondent,

v.

Billy R. BUCHANAN, Appellant.

Billy BUCHANAN, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 43838, WD 45140.

Missouri Court of Appeals,
Western District.

Aug. 18, 1992.

Brad B. Baker, Asst. Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before ULRICH, P.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

Appellant, Billy Buchanan, appeals from his judgment of conviction and sentence for two counts of robbery in the first degree and two counts of armed criminal action. Also, consolidated herein, is Buchanan's appeal from the denial of his motion for post-conviction relief pursuant to Rule 29.15.

Considered in the light most favorable to the state, the evidence shows that Buchanan and two other men were involved in the robbery of a jewelry store. Buchanan held a sawed-off-shotgun on the store employees and ordered them to get down on the floor during the robbery. One of Buchanan's accomplices took some jewelry off the person of John Perkins, a store employee, and either Buchanan, or one of the other

two men, took $65,000 in diamond jewelry from a display case. Buchanan and the two other men left the store at the same time with one of the other men carrying the diamond jewelry.

In his first point on appeal Buchanan argues that the trial court committed plain error by submitting the verdict directing instructions on robbery in the first degree. Buchanan argues that these instructions hypothesized that either he or other persons took jewelry without the owner's consent and that there was no evidence presented to show that he actually took jewelry in the course of the robbery. Buchanan argues that his liability was based solely upon his aiding others.

Instruction No. 6, the verdict-directing instruction for Count I read, in pertinent part, as follows:

As to Count I, a person is responsible for his own conduct and he is also responsible for the conduct of other persons in committing an offense if he acts with them with the common purpose of committing that offense, or if for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about January 16, 1990, in the County of Jackson, State of Missouri, the defendant or another person took two rings and watch, which was property owned by John D. Perkins, and

Second, that the defendant or another person did so for the purpose of withholding it from the owner permanently, and

Third, that defendant or another person in doing so threatened the immediate use of physical force on or against John D. Perkins for the purpose of preventing resistance to the taking of the property, and

Fourth, that in the course of taking the property the defendant or another person was armed with a deadly weapon, then you are instructed that the offense of Robbery in the First Degree has oc-

curred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fifth, that with the purpose of promoting or furthering the commission of that Robbery in the First Degree, the defendant aided or encouraged another person in committing that offense, then you will find the defendant guilty under Count I of Robbery in the First Degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

\* \* \* \* \* \*

Instruction No. 8, the verdict-directing instruction for Count III read, in pertinent part, as follows:

As to Count III, a person is responsible for his own conduct and he is also responsible for the conduct of other persons in committing an offense if he acts with them with the common purpose of committing that offense, or if for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about January 16, 1990, in the County of Jackson, State of Missouri, the defendant or another person took miscellaneous jewelry including ladies gold and diamond rings, which was the property owned by Bailey, Banks and Biddle Jewelers, and

Second, that defendant or another person in doing so threatened the immediate use of physical force on or against John D. Perkins, Howard Kalberloh, and Bobbie Groves for the purpose of preventing resistance to the taking of the property, and

Fourth, that in the course of taking the property the defendant or another person was armed with a deadly weapon, then you are instructed that the offense of Robbery in the First Degree has occurred, and if you further find and be-

lieve from the evidence beyond a reasonable doubt:

Fifth, that with the purpose of promoting or furthering the commission of that Robbery in the First Degree, the defendant aided or encouraged another person in committing that offense.

then you will find the defendant guilty under Count III of Robbery in the First Degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

\*      \*      \*      \*      \*      \*

"More than a mere showing of demonstrable prejudice is required as a basis of reversal under plain error." *State v. Schaal*, 806 S.W.2d 659, 664 (Mo. banc 1991) (citations omitted), *cert. denied* — U.S. ——, 112 S.Ct. 976, 117 L.Ed.2d 140 (1992). For instructional error to rise to the level of "plain error," the trial court must have so misdirected or failed to instruct the jury as to cause manifest injustice or a miscarriage of justice. *State v. Cline*, 808 S.W.2d 822, 824 (Mo. banc 1991). The defendant bears the burden of establishing manifest injustice. *Id.*

The verdict directing instructions in the case at bar, Instructions No. 6 and No. 8, were based on a combination of MAI–CR3d 323.02, the pattern instruction on robbery in the first degree, and MAI–CR3d 304.04, the pattern instruction or accomplice liability. Note on Use 7(b) to MAI–CR3d 304.04 states as follows:

(b) Where the evidence shows the defendant and another person or persons jointly committed the conduct of the offense, each element from the verdict director for the offense should be ascribed respectively (as supported by the evidence) to the defendant, the defendant *and* the other person or persons, the defendant *or* the other person or persons, or the other person or persons.

Subsection (c) of Note on Use 7 provides:

(c) Where the evidence is not clear or conflicts as to which person (in a group including the defendant) engaged in the conduct constituting the offense (as where the defendant is charged with burglary and the evidence shows the defendant was one of the two persons, one of whom unlawfully entered the building and stole while the other remained outside as a lookout), ascribe the elements of the offense to the defendant *or* the other person or persons.

Furthermore, a cautionary warning near the end of Note 7 to MAI–CR3d 304.04 expressly states:

NOTE: Any variation in ascribing the elements of an offense to the defendant or to the other person or persons or any variation in the selection of alternatives in the paragraph following "then you are instructed that [*name of offense*] has occurred ..." shall not be deemed reversible error in the absence of prejudice.

■ In regard to Instruction No. 6, the evidence was that one of Buchanan's accomplices actually took the jewelry from the person of John Perkins. However, there was overwhelming evidence to show that Buchanan aided that person in the commission of the crime. Since the evidence supports his conviction it cannot be said Buchanan suffered a manifest injustice merely because the jury, in an effort to determine whether the crime of robbery in the first degree was committed, was allowed to consider, under the first four paragraphs of Instruction No. 6, whether Buchanan actually took the jewelry from Perkins or merely aided another.

■ In regard to Instruction No. 8, the evidence was clear that a robbery of the diamond jewelry had been committed but it was not clear as to which of the three men, including Buchanan, actually took the jewelry from the display case. The witnesses in the store were on the floor when the jewelry was taken from the display case. Therefore, not only was there no manifest injustice, but since the evidence was not clear as to which of the three men actually took the jewelry from the display case, the trial court did not err by ascribing the elements of the offense to the defendant or

another person. MAI–CR3d 304.04, note 7(c).

Buchanan's first point is denied.

In his second point on appeal, Buchanan argues that the trial court erred in giving MAI–CR3d 302.04, which defines reasonable doubt. Buchanan contends that the definition allowed the jury to convict on proof less than "beyond a reasonable doubt." The definition given in this instruction has been repeatedly approved and challenges on appeal denied. *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991). Buchanan's second point is denied.

In his third and final point Buchanan argues that the motion court erred by denying his motion for post-conviction relief under Rule 29.15. Buchanan argues that he was prejudiced by ineffective assistance of trial counsel for counsel's failure to secure the testimony of Tom Blackman and Jesse Blackman as alibi witnesses in his defense. Although neither Tom or Jesse Blackman testified at Buchanan's 29.15 hearing, Buchanan alleged that they would have testified that he was at Tom Blackman's home at the time of the robberies.

When a criminal defendant seeks post-conviction relief on a claim of ineffective assistance of counsel he must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687–689, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). A reviewing court is not required to consider both prongs, if the defendant fails to satisfy one prong, they need not consider the other. *Id.* at 697, 104 S.Ct. at 2069.

In determining the issue of ineffective assistance of counsel, the motion court is free to believe or disbelieve evidence, whether contradicted or undisputed. *Jones v. State*, 598 S.W.2d 595, 597 (Mo.App. 1980). Appellate review of the motion court's denial of a post-conviction motion is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 29.15(j); *Futrell v. State*, 667 S.W.2d 404, 405 (Mo. banc 1984). Such findings and conclusions are deemed clearly erroneous if, after a review of the entire record, the appellate court is left with the "definite and firm impression that a mistake has been made." *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App.1985).

Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes a particular investigation unnecessary. *Strickland v. Washington*, 466 U.S. at 695, 104 S.Ct. at 2068. In particular, the reasonableness of a decision not to investigate depends upon the strategic choices and information provided by the defendant. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987). In order to demonstrate that defense counsel was ineffective in failing to call a witness to testify, the movant must first prove that his attorney's failure to call this witness was something other than reasonable trial strategy, *Terry v. State*, 770 S.W.2d 723, 724 (Mo. App.1989), and he must establish that this witness could have been located through reasonable investigation, that he would have testified if called, and that his testimony would have provided the accused with a viable defense. *State v. Twenter*, 818 S.W.2d at 639–640[19]; *State v. Vinson*, 800 S.W.2d 444, 448–449[10] (Mo. banc 1990). Conjecture or speculation is not sufficient to establish the required prejudice. *Brownlow v. State*, 818 S.W.2d 302, 304–305[1] (Mo.App.1991); *Davis v. State*, 786 S.W.2d 223, 225[4] (Mo.App.1990). Only rarely does a court find that failure to interview witnesses is sufficient to justify the finding of ineffective assistance of counsel. *Sanders v. State*, 738 S.W.2d at 858.

The record reflects that Buchanan's trial counsel and counsel's investigator attempted to locate the Blackmans at an apartment complex which was their last known address at the time of trial. Other residents of the apartment complex advised that the Blackmans had moved to another city, apparently Chicago. Counsel explained that he made no attempt to locate the Blackmans in Chicago because neither he nor

Buchanan had any idea where they were in Chicago. Furthermore, at his sentencing hearing Buchanan stated that he had attempted to locate the Blackmans but "they moved to Chicago or something," and he did not know how to reach them.

The Blackmans were not able to be located at the time of trial or the time of sentencing and since they were not called at the 29.15 hearing they apparently were still not able to be found.

■ Buchanan failed to show that the Blackmans could have been located through reasonable investigation or that they would have testified if called. Furthermore, Buchanan's self-serving testimony as to what the Blackmans would have testified to is insufficient to meet his burden that they would have provided him with a viable defense if rejected by the motion court. *Irving v. State*, 755 S.W.2d 378, 382 (Mo.App.1988).

Buchanan's third point is denied.

Judgments affirmed.

All concur.