**Paul Michael BILSKEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17937.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 4, 1992.

---

**892**

Lew Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

On March 26, 1991, Paul Michael Bilskey ("Appellant") appeared with his lawyer in the Circuit Court of New Madrid County in cases CR290–205F and CR290–250F. In each, Appellant was charged with the class D felony of escape from custody. § 575.-200, RSMo 1986. Pursuant to a plea agreement, Appellant pled guilty in each case and was sentenced to three years' imprisonment in each, the sentence in CR290–250F to be served consecutively to the sentence in CR290–205F.

Later, Appellant commenced proceedings per Rule 24.035 [1] to vacate the convictions.[2] The motion court denied relief without an evidentiary hearing.[3] This appeal followed.[4]

Appellant's brief presents one point relied on, which reads:

The motion court clearly erred in denying Appellant's Rule 24.035 motion ... without an evidentiary hearing because Appellant pleaded facts not refuted by the record which if true warranted relief in that Appellant alleged he was subjected to unconscionable and unconstitutional pretrial detention in Butler County Jail which rendered his New Madrid County pleas involuntary, which pleas were entered the same day as pleas of guilty to Butler County charges. Appellant pleaded guilty to all offenses rather than risk return to the alleged unconstitutional pretrial conditions of confinement.

Appellant's guilty pleas in CR290–205F and CR290–250F were entered at a single hearing, one plea immediately after the other. The transcript of that hearing reveals Appellant had previously received a 15–year sentence in Butler County. The plea agreement referred to in the first paragraph of this opinion specified the consecutive sentences in CR290–205F and CR290–250F would run concurrently with the Butler County sentence. The New Madrid County plea court honored the agreement.

In maintaining he was entitled to an evidentiary hearing in the motion court, Appellant points out that his amended motion

---

1. Rule references are to Missouri Rules of Criminal Procedure (1991) unless otherwise indicated.

2. We deduce from the fragmentary record furnished us that Appellant filed a separate pro se motion attacking each conviction. The record contains a copy of a pro se motion filed June 24, 1991, attacking CR290–250F. That motion was assigned number CV191–171CC by the motion court. The docket sheet in CV191–171CC bears a notation July 19, 1991, showing entry of an order "consolidating 29.15 [sic] filed in Case No. CR290–205F & 29.15 [sic] filed in Case No. CR290–250F for purpose of hearing." The record also contains a copy of an amended motion to vacate bearing number CV191–171CC filed August 19, 1991, by Appellant's appointed counsel. That motion prays Appellant's "convictions" be set aside. We assume Appellant meant the conviction and sentence in CR290–205F and the conviction and sentence in CR290–250F.

3. The motion court's findings of fact and conclusions of law bear number CV191–171CC (footnote 2, *supra*), but refer to both CR290–205F and CR290–250F. In its findings and conclusions, the motion court addresses the pleas of guilty in both cases.

4. Appellant filed a single notice of appeal bearing number CV191–171CC, seeking appellate review of the denial of relief from sentences "to three years on two counts of escape from custody." It is clear from Appellant's brief that he seeks review of the denial of relief from both CR290–205F and CR290–250F. The State raises no issue about the effectiveness of a lone notice of appeal in such circumstances. Consequently, we decline to address the subject *sua sponte*, and instead consider the appeal on the merits.

of August 19, 1991,[5] avers his guilty pleas in Butler County and New Madrid County were involuntary in that they resulted from the following "conditions of confinement": (a) Appellant was kept in shackles on many occasions in his cell, (b) Appellant was forced to sleep in shackles even though locked in a cell, (c) Appellant was not allowed sufficient exercise, (d) the Butler County Jail was filthy and infested by roaches, (e) food in the Butler County Jail was uncooked on occasions or burned on occasions, and it was common practice for inmates preparing food to urinate in it, (f) Appellant was placed in the "hole" in underwear and shackles on many occasions, which area was unsanitary, (g) Appellant was denied reasonable and necessary medical care for a broken nose, (h) Appellant was denied access to legal materials in the Butler County Jail, (i) members of Appellant's family were threatened and harassed by Butler County law enforcement officials and were told Appellant would be "hurt" if he stayed in Butler County, and (j) Appellant feared for his safety if he remained in the Butler County Jail.

In a proceeding under Rule 24.035 challenging the voluntariness of a guilty plea, a prisoner is entitled to an evidentiary hearing only if he alleges facts, not conclusions, which if true would warrant relief, and such allegations are unrefuted by the record. *Green v. State*, 812 S.W.2d 557, 558 (Mo.App.1991); *Forest v. State*, 810 S.W.2d 518, 521 (Mo.App.1991).

The motion court's findings of fact and conclusions of law included these:

. . . .

2. The record totally contradicts [Appellant's] claims [that his pleas of guilty resulted from the alleged inhumane conditions of his confinement].

3. The Court finds from the record that [Appellant's] plea of guilty in both cases was made voluntarily and intelligently, with a full understanding of the charges and the consequences of the plea. . . .

4. The Court finds from the record that [Appellant] was not under duress at the time of his plea to the charges.

. . . .

Our review of the motion court's denial of relief is limited to a determination of whether its findings and conclusions are clearly erroneous. Rule 24.035(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied sub nom., Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

The transcript of the hearing at which Appellant entered his pleas of guilty in CR290–205F and CR290–250F contains the following dialogue between the plea court and Appellant:

Q. Mr. Bilskey, has anybody forced you or threatened you or promised you anything to make you plead guilty here today?

A. No, sir.

Q. Are you pleading guilty to these two charges of your own free will?

A. Yes, I am.

. . . .

[THE COURT]: The Court finds that each of your pleas of guilty have been made freely and voluntarily and with a full understanding of your rights and the consequences of those pleas.

The Court further finds that each of these pleas of guilty have not been made as a result of force or threats or promises apart from the plea-agreement.

. . . .

Q. Was the sentence that you received today the result of a plea-bargain or plea-agreement?

A. Yes.

Q. Was the sentence that you received the sentence that you expected under the plea-bargain or plea-agreement?

A. Yes, it was.

Q. Other than the plea-bargain . . . did anybody communicate any threats or promises to you to make you plead guilty?

A. No.

. . . .

Q. Anything else you wanna tell me about this matter, Mr. Bilskey?

---

5. Footnote 2, *supra*.

A. I'm ready to go.

The above record is strikingly similar to the guilty plea record in *Ryan v. State*, 755 S.W.2d 11, 12 (Mo.App.1988), a proceeding under former Rule 27.26[6] wherein a prisoner sought to vacate a conviction resulting from his plea of guilty. There, this Court held:

> Where [a prisoner's] assertion that his plea was coerced by inhumane jail conditions is directly refuted by the record, as it is in this case, the post-conviction court commits no error, clear or otherwise, in rejecting a claim that the plea of guilty was involuntary. *Woods v. State*, 564 S.W.2d 333, 334 (Mo.App.1978).

755 S.W.2d at 12-13.

Here, Appellant (a) assured the plea court he was pleading guilty of his own free will, (b) denied receiving any threats to induce the guilty pleas, and (c) confirmed he was pleading guilty pursuant to the plea agreement. Appellant was present when the plea court announced its finding that the pleas were made freely and voluntarily, and not because of threats. Appellant registered no dissent when the plea court made that finding. Asked by the plea court whether he wanted to tell the court anything else, Appellant replied, "I'm ready to go."

Consistent with *Ryan*, 755 S.W.2d 11, we hold the motion court did not plainly err in finding the record refutes Appellant's claim that his guilty pleas in CR290-205F and CR290-250F resulted from the alleged inhumane conditions of confinement. We likewise hold the motion court did not plainly err in finding from the record that Appellant was not under duress when he pled guilty in CR290-205F and CR290-250F.

Appellant's point relied on is denied, and the order of the motion court denying relief is affirmed.

PARRISH, C.J., and SHRUM, J., concur.

6. Rule 27.26 was repealed effective January 1, 1988, by order of the Supreme Court of Missouri. 721–722 S.W.2d Missouri Cases (West 1987), pp. XXV–XXXVII.