Paul M. **BILSKEY**, Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

No. 18018.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 10, 1992.

---

Lew Kollias, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Following pleas of guilty, movant was convicted of escape from confinement, armed criminal action and first-degree assault. Thereafter, he filed a motion under Rule 24.035 seeking to vacate the convictions. The trial court made findings of fact and conclusions of law and denied the motion without an evidentiary hearing. Movant appeals.

Appellate review of the decision on the motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(j). Under this court's limited review the judgment must be affirmed.

■ By his first point movant contends the trial court erred because he "pleaded facts not refuted by the record which if true warrant relief in that appellant alleged he was subjected to unconscionable and unconstitutional pretrial detention in Butler County Jail which rendered his guilty pleas involuntary, as they were entered to obtain relief from and avoid return to those conditions of confinement."

An agreement regarding the pleas had been made by movant through his attorney and the prosecuting attorney. Movant was asked if he was threatened "with anything or made any other promises in order to get you to plead guilty to the charges?" Movant responded, "No, I wasn't." He admitted his guilt and acknowledged the plea agreement.

The first point presented is almost identical to and in substance is the same as movant presented in *Bilskey v. State,* 842 S.W.2d 891 (Mo.App.1992). The pleas in that matter were made afterwards, but the same day as those in question here. For the reasons stated in this court's opinion in that case, point one is denied.

■ Movant states in his second point that the trial court erred in failing to enter specific findings of fact and conclusions of law regarding the claim which he presents here in his first point. The purpose of Rule 24.035(i) requiring findings of fact and conclusions of law is to provide for a meaningful appellate review. *Short v. State,* 771 S.W.2d 859, 864 (Mo.App.1989).

Even when findings are somewhat deficient, there is no need to remand for further findings and conclusions if the record allows an appellate court to determine the correctness of the trial court's action. *Barton v. State,* 802 S.W.2d 561, 565 (Mo. App.1991). The basis of the trial court's determination was sufficiently clear from its findings for this court to review the decision.

The judgment is affirmed.

FLANIGAN, C.J., and MONTGOMERY, P.J., concur.